LAURA E DUFFY
United States Attorney
ANDREW R. HADEN
Assistant U.S. Attorney
California Bar No.: 258436
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE SEARCH OF:<br><br>Ares Armor, 206/208 N. Freeman St., Oceanside; Ares Armor, 416 National City Blvd.; Ares Armor Warehouse, 180 Roymar St. D; and 2420 Industry, Oceanside, CA.<br><br>LYCURGAN, INC. d/b/a ARES ARMOR,<br>                Petitioner,<br><br>    v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br>                Respondent, | Case No.: 14-CV-1424-JLS<br><br>**Date:  July 31, 2014**<br>Time:  1:30 p.m.<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO "UNSEAL SEARCH WARRANT DOCUMENTS":** |

    COMES NOW the respondent, the UNITED STATES OF AMERICA, by and through its counsel, LAURA E. DUFFY, United States Attorney, and Andrew R. Haden, Assistant United States Attorney, and hereby responds to Petitioner's above-captioned motions. This response and opposition is based upon the files and records of the case together with the attached statement of facts, exhibits, sealed exhibits submitted ex parte, declaration from Bureau of Alcohol Tobacco Firearms and Explosives ("ATF") Special Agent Gordon Geerdes, and the memorandum of points and authorities.

# I

# STATEMENT OF THE CASE[1]

On March 14, 2014, a search warrant was signed by United States Magistrate Judge Bernard G. Skomal. See *Pet.'s Motion* (Doc. 1-2) at 43-71. The search warrant was supported by an affidavit signed by an ATF Special Agent. Gov. Exh. 1 (submitted ex parte under seal)[2]. The final page of the affidavit included a request for sealing the application and warrant. Id. One of the reasons proffered to justify the sealing order was that items were going to be seized that were "relevant to an ongoing investigation into criminal activity." Id.

Magistrate Judge Skomal concluded that there was sufficient probable cause, signed the warrant, and granted the motion to seal. See Gov. Exh 2. The warrant authorized the search of four separate locations that were all related to Ares Armor. Gov. Exh. 1.

The search warrant was executed on March 15, 2014. On March 27, 2014, the owner of Ares Armor (Dimitri Karras) was sent a "Notice of Seizure and Administrative Forfeiture Proceeding." *Pet.'s Motion* (Doc. 1-2) at 73. That document indicates that ATF had seized and was seeking to forfeit "5,804 Unknown Manufacturer AR Type Receiver/Frame." (hereinafter referred to as the "firearms") Id. That document also indicates that the firearms did not possess the legally required serial numbers. Id.

---

[1] Given the sensitive nature of discussing an ongoing criminal investigation, the facts cited below are intentionally truncated.

[2] Because the search warrant affidavit remains sealed – and should remain sealed based on the ongoing criminal investigation – the search warrant and other supporting exhibits will be provided to the court ex parte under seal.

Ares Armor contested the forfeiture of the firearms. On July 3, 2014, ATF sent a letter to Dimitri Karras indicating that the Department of Justice was no longer pursuing forfeiture of the firearms; but that it did intend to retain the seized property evidence in an "ongoing criminal investigation." Gov. Exh. 3.

A criminal investigation related to the firearms seized from Ares Armor is active and ongoing. Gov. Exh. 4; see also Gov. Exh. 1 ¶¶ 22-24.

## II

## ARGUMENT

Petitioner has moved to unseal the affidavit supporting the search warrant because: (1) Petitioner needs to examine the search warrant documents to challenge the Government's forfeiture proceeding; (2) unsealing the search warrant documents would allow "non-party" Tyler Hughes to evaluate possible post-conviction relief; (3) unsealing the search warrant will help curb "Governmental Misconduct"; (4) Petitioner believes there was no compelling government interest to seal the search warrant documents; (5) Petitioner believes that sealing the search warrant document was not the least restrictive means; (6) the continued sealing of the search warrant documents is unreasonable.

For the reasons explained below, each claim lacks merit.

//
//
//
//
//

### 1. Petitioner's Motion Should Be Denied Because ATF Is Not Pursuing Forfeiture At This Time

Petitioner's primary contention is that the search warrant affidavit must be unsealed to enable them to effectively contest a civil forfeiture proceeding. *Pet.'s Motion* at 6-7.

Petitioner filed the instant motion on June 11, 2014. Id. On July 3, 2014, ATF informed Petitioner:

> The United States Department of Justice will not pursue the civil forfeiture of the asset described above. However, the United States Department of Justice will retain the seized property as evidence in its ongoing criminal investigation.

Gov. Exh. 3. Because there is no civil forfeiture currently pending, Petitioner's request to unseal the affidavit to contest forfeiture is moot.[3] As such, Petitioner's motion should be denied.

Moreover, because the current claim was filed as a civil motion, related to a civil forfeiture, the Court's entire analysis can – and should – stop there. To the extent, however, that information about the other claims would be helpful to the Court's perception of the issues presented; the United States will briefly address the other claims below.

---

[3] As this Court is aware, civil forfeiture proceedings and criminal investigations are separate and unique. The statutory requirements and time prescriptions (under Title 18, United States Code, Section 983, et.seq, commonly known as part of the Civil Asset Forfeiture Reform Act of 2001) regarding civil forfeiture do not apply to a Court's determination of property being held as evidence and whether an item is relevant to an ongoing criminal investigation. The Federal Rules of Criminal Procedure provide separate and unique remedies to parties seeking the return of property seized pursuant to a criminal search warrant. To date, Petitioner has not pursued such remedies.

**2. Petitioner's Motion Should Be Denied Because "Non-Party" Tyler Hughes Is Not Properly Before This Court**

Petitioner's second contention is that the search warrant affidavit should be unsealed because "non-party" Tyler Hughes may want to evaluate post-conviction relief in the California courts. *Pet.'s Motion* at 7-8. Noticeably absent from Petitioner's motion, however, is any sort of endorsement by anyone named Tyler Hughes. Id. It should not be assumed that anyone named Tyler Hughes is even aware that Petitioner is attempting to make legal claims on his behalf.

In the Ninth Circuit, Petitioner does not have standing to assert the constitutional rights of third parties who may, or may not, wish to have them pursued. Outdoor Media Group, Inc. v. City of Beaumont, 464 Fed.Appx. 611, 613 (9th Cir. 2011)(unpublished).

Accordingly, Petitioner's motion should be denied on these additional grounds.

**3. Petitioner's Motion Should Be Denied Because There Was Sufficient Probable Cause to Support the Search Warrant and Because There is an Ongoing Criminal Investigation**

Petitioner also claims that the search warrant affidavit should be unsealed in order to curb governmental misconduct[4] and

---

[4] The declaration of Dimitri Karras included an allegation of "looting and vandalism" against ATF because some plastic storage bins owned by Ares Armor had been taken during the execution of the search warrant. Pet.'s Motion (Doc. 1-2) at 4 ¶ 12.
Upon review of this accusation, ATF realized that they were indeed in possession of the plastic storage bins and a few other items that had not been listed on the seized property inventory. The storage bins had been taken to expedite the search in an attempt to avoid the growing hostility outside the Ares Armor store fronts. Less than 24 hours after being made aware of the accusation, ATF Special Agent Gordon Geerdes coordinated the return

because there is no compelling governmental interest in sealing the search warrants. *Pet.'s Motion* at 8-14.

In support of their contentions – without the aid of what is contained in the search warrant affidavit – Petitioner repeatedly invokes the generalized protections of the Fourth Amendment, claims that sufficient probable cause did not exist to justify the search, and provides a litany of post-indictment criminal case law from various jurisdictions that would imply a need to unseal the affidavit. Id. Petitioner has not given sufficient deference to the procedural posture of this case. All of the claims lack merit.

The Fourth Amendment to the United States Constitution governs all searches and seizures. The Fourth Amendment contains two separate clauses, the second of which requires that probable cause must support each warrant issued.

To satisfy the warrant requirement, an impartial judicial officer must assess whether law enforcement has probable cause to conduct a search, or seize evidence, instrumentalities, fruits of a crime, or contraband, because:

> The point of the Fourth Amendment… is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring those inferences to be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.

---

of those items to Dimitri Karras. Gov. Exh. 5. ATF has always attempted to return items seized from Ares Armor as soon as possible, which has previously included delivering the items to Ares Armor's former attorney in Long Beach, California. Id.

Johnson v. United States, 333 U.S. 10, 13-14 (1948). In assessing probable cause, the magistrate must consider the facts and circumstances presented in the supporting affidavit in a practical, common-sense manner, see e.g. United States v. Mayer, 560 F.3d 948, 958 (9th Cir. 2009), and must find that there is a fair probability that contraband or evidence of a crime will be found in a particular place. United States v. Jennen, 596 F.3d 594, 598 (9th Cir. 2010).

A magistrate's decision to issue a warrant must be reviewed with great deference, and a reviewing court must examine only whether the magistrate had a "substantial basis" for concluding the probable cause existed. Id.

Returning to the instant case – if it is believed that there is still a viable dispute, notwithstanding the lack of a pending forfeiture proceeding – this Court can employ the "broad discretion of the trial judge" to conduct an in camera review of the affidavit. Center for Auto Safety v. E.P.A., 731 F.2d 16, 20 (D.C. Cir. 1984)(specifically related to F.O.I.A. requests but seemingly applicable to the instant scenario as well).

Upon review, this Court will see that the affidavit presented to Magistrate Judge Skomal established a fair probability that evidence of a crime would be found at one, if not all, of the Ares Armor store locations. Gov. Exh. 1. Moreover, that decision was supported by the required "substantial basis" that probable cause existed. See Jennen, 596 F.3d at 598. Indeed, Magistrate Judge Skomal was not the first magistrate to make a determination that the information regarding this investigation needed to be sealed.

7

*United States' Response in Opposition to Petitioner's*                 *14-CV-1424-JLS*
*Civil Motion to Unseal A Criminal Search Warrant*

Gov. Exh. 4; see also Gov. Exh. 1 ¶¶ 22-24.  As such, Petitioner's assertion that probable cause did not exist is without merit.

In regards to whether the affidavit should remain sealed, Petitioner contends that keeping "search warrants and their supporting documents open to the public is vital" and that there was no compelling government interest to seal the search warrant. *Pet.'s Motion* at 8-9.  Petitioner is mistaken on both fronts.

The Ninth Circuit has repeatedly held that "warrant materials have not historically been accessible to the public during the *early stages* of criminal proceedings." United States v. Business of Custer Battlefield Museum and Store Located at Interstate 90, Exit 514, South of Billings, Mont., 658 F.3d 1188, 1193 (9th Cir. 2011); citing Times Mirror Co. v. United States, 873 F.2d 1210, 1213-14 (9th Cir.1989).

This position has been maintained because warrant "application proceedings are highly secret in nature and have historically been closed to the press and public." United States v. Wells Fargo Bank Account Number 7986104185, 643 F.Supp.2d 577, 583–84 (S.D.N.Y.2009); see also Baltimore Sun Co. v. Goetz, 886 F.2d 60, 62 (4th Cir.1989), ("[P]roceedings for search warrants are not open to the public."); In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 575–76 (8th Cir.1988) ("[H]istorically the process of issuing search warrants involves an ex parte application by the government and in camera consideration by the judge or magistrate. Moreover, the very objective of the search warrant process, the seizure of evidence of crime, would be frustrated if conducted openly.").

In discussing the impact disclosure would have on an ongoing criminal investigation, the Ninth Circuit has explained:

> First, and most obviously, if the warrant proceeding itself were open to the public, there would be the obvious risk that the subject of the search warrant would learn of its existence and destroy evidence of criminal activity before the warrant could be executed. Additionally, if the proceeding remained closed but the supporting affidavits were made public when the investigation was still ongoing, persons identified as being under suspicion of criminal activity might destroy evidence, coordinate their stories before testifying, or even flee the jurisdiction.

Times Mirror, 873 F.2d at 1215.

In this case, there is an ongoing criminal investigation that is still in the early stage of its proceedings. Gov. Exh. 4. To date, an indictment has not been sought or obtained. Id. Unsealing the affidavit at this time would: alert the targets (in this district and others) of the investigation; reveal the investigative strategy or undercover operations that have taken place; expose the potential criminal charges being pursued; cause the potential destruction of evidence; create the ability to coordinate stories before testifying; or even cause flight.[5] Gov. Exh. 1. Given the depth of the various concerns, redacting the affidavit would not be helpful.

In sum, unsealing the affidavit at this time could undermine the pursuit of justice. Times Mirror, 873 F.2d at 1215. As such,

---

[5] It also has the potential to put agents in unnecessary personal jeopardy. Ares Armor previously utilized a photograph taken of one of the agents at the search warrant and turned it into a life-sized cutout that was displayed in the Ares Armor store. The United States would also concur with Mr. Karras that execution of the search warrant caused a significant reaction on the internet. See Pet.'s Motion (Doc. 1-2) at 4 ¶ 11.

this Court should deny Petitioner's motion. This position is consistent with the Ninth Circuit's recognition that search warrant applications are frequently not unsealed until "post-indictment discovery." Business of Custer Battlefield Museum, 658 F.3d at 1193-1194; quoting Wells Fargo, 643 F.Supp.2d at 581.[6]

### III

### CONCLUSION

For the above stated reasons, the United States respectfully requests that Petitioner's motion be denied.

DATED: July 10, 2014                Respectfully submitted,

                                    LAURA E. DUFFY
                                    United States Attorney

                                    /s/*Andrew Haden*
                                    Andrew R. Haden
                                    Assistant United States Attorney

---

[6] If or when an indictment is returned, the necessity of sealing the affidavit will give way to discovery requirements. Business of Custer Battlefield Museum, 658 F.3d at 1193-1194; quoting Wells Fargo, 643 F.Supp.2d at 581. The compelling interests underlying the sealing order may also give way if a decision to "not prosecute" is made and the investigation is deemed to have ended. Business of Custer Battlefield Museum, 658 F.3d at 1192. At this time, neither situation exists. See Gov. Exh. 4.

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |
| IN RE THE SEARCH OF:<br><br>Ares Armor, 206/208 N. Freeman St., Oceanside; Ares Armor, 416 National City Blvd.; Ares Armor Warehouse, 180 Roymar St. D; and 2420 Industry, Oceanside, CA. | Case No.: 14-CV-1424-JLS<br><br>**CERTIFICATE OF SERVICE** |
| LYCURGAN, INC. d/b/a ARES ARMOR,<br><br>Petitioner,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>Respondent, | |

IT IS HEREBY CERTIFIED THAT:

I, ANDREW HADEN, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' UNITED STATES' RESPONSE IN OPPOSITION TO PETIONER'S MOTION TO "UNSEAL SEARCH WARRANT DOCUMENTS" together with memorandum of points and authorities on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    Scott McMillan, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

    Executed on July 10, 2014.

                                                              s/Andrew Haden
                                                               ANDREW R. HADEN