Scott A. McMillan, SBN 212506
Michelle D. Volk, SBN 217151
Sean E. Smith, SBN 288973
**THE MCMILLAN LAW FIRM, APC**
4670 Nebo Dr., Suite 200
La Mesa, CA 91941-5230
Tel. 619-464-1500 x 14
Fax. 206-600-5095

Attorneys for Petitioner,
Lycurgan, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of:<br><br>Ares Armor, 206/208 N. Freeman St., Oceanside; Ares Armor, 416 National City Blvd.; Ares Armor Warehouse, 180 Roymar St. D; and 2420 Industry, Oceanside, CA.<br>In the Matter of the Search of:<br><br>LYCURGAN, INC. d/b/a ARES ARMOR,<br>                    Petitioner,<br>vs.<br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br>                    Respondent. | CASE NO. 14-CV-1424 JLS (BGS)<br><br>**PETITIONER LYCURGAN, INC.'S NOTICE OF MOTION AND MOTION FOR A NEW TRIAL OR FURTHER ACTION FROM THE COURT ON THE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(a)**<br><br>Judge: Hon. Janis L. Sammartino<br>Dept.: 4A<br>Date: October 30, 2013<br>Time: 1:30 P.M. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 30, 2014, at 1:30 P.M., in Department 4A of the above-entitled court located at 221 West Broadway, San Diego, California 92101, Petitioner Lycurgan, Inc. ("Lycurgan") will and hereby does move the Court to grant a new trial or to take further action on the judgment in the above-captioned case pursuant to Federal Rule of Civil Procedure 59(a).

Respondent United States ("Government") disclosed a redacted search warrant affidavit, which the Government suggested mooted this case. The Court agreed. Lycurgan did not have an opportunity to address the "mootness" issue. Lycurgan contends the issue is "capable of repetition, yet evading review." (*Davis v. FEC* (2008) 554 U.S. 724, 735.)

This motion is based on this notice of motion, the below memorandum of points and authorities, the Declaration of Scott A. McMillan, the Request for Judicial Notice, the pleadings, records and papers filed in this case, and any additional evidence that may be submitted at the hearing on this motion.

Respectfully submitted,

THE MCMILLAN LAW FIRM, APC

/s/ Scott A McMillan

Dated: September 16, 2014

_____

Scott A. McMillan
Attorneys for Petitioner/Movant
Lycurgan, Inc.

# TABLE OF CONTENTS

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . 2

III. LEGAL STANDARD FOR A MOTION FOR NEW TRIAL UNDER RULE 59(a)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   A. The Court Should Grant Lycurgan's Motion for a New Trial In Light of the
      Newly Discovered Evidence of the Redacted Search Warrant Affidavit. . . 3
   B. Petitioner's Motion Is Not Moot . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      1. <u>The Redacted Affidavit Is Insufficient.</u> . . . . . . . . . . . . . . . . . . . . . . . 5
      2. <u>The Issue Is Capable of Repetition, Yet Evading Review.</u> . . . . . . . . . . . 6
         a. *The Challenged Sealing of the Search Warrant Affidavit Is
            Inherently Limited in Duration.* . . . . . . . . . . . . . . . . . . . . . . . 7
         b. *There Is a Reasonable Expectation that Petitioner Will Be Subject
            to Another Search and Seizure Based Upon a Sealed Affidavit.*
            . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

V.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

Federal Decisional Authority

*Adarand Constructors v. Slater* (2000) 528 U.S. 216 .................................................. 9

*Alaska Ctr. for the Env't v. U.S. Forest Serv.* (9th Cir. 1999) 189 F.3d 851 ........... 7

*Arizonans for Official English v. Arizona* (1997) 520 U.S. 43 ......................... 4, 5

*Behler v. Hanlon* (D. Md. 2001) 199 F.R.D. 533 .................................................. 5, 6

*Brown v. Wright* (9th Cir. 1978) 588 F.2d 708 ......................................................... 3

*Chavez v. City of Albuquerque* (D. N.M. 2008) 640 F.Supp.2d 1340 ...................... 3

*Church of Scientology v. United States* (1992) 506 U.S. 9 ....................................... 5

*City News & Novelty v. City of Waukesha* (2001) 531 U.S. 278 ........................... 11

*Davis v. FEC* (2008) 554 U.S. 724 .................................................................. 2, 4, 7

*Deas v. Paccar, Inc.* (11th Cir. 1985) 775 F.2d 1498 ............................................... 3

*First Nat'l Bank v. Bellotti* (1978) 435 U.S. 765 ...................................................... 7

*Fontenot v. Mesa Petroleum Co.* (5th Cir. 1986) 791 F.2d 1207 .............................. 3

*Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.* (2000) 528 U.S. 167 ........................................................................................................... 4, 9

*FTC v. Affordable Media, LLC* (9th Cir. 1999) 179 F.3d 1228 ................................ 9

*Greenpeace Action v. Franklin* (9th Cir. 1993) 14 F.3d 1324 .................................. 7

*In re 14416 Coral Gables Way* (D. Md. 2011) 946 F. Supp. 2d 414 .................... 7, 8

*In re Application of United States of America for Order Authorizing the Installation of a Pen Register or Touch-Tone Decoder and a Terminating Trap, Bell Telephone Company of Pennsylvania* (3d Cir. 1979) 610 F.2d 1148 ......................................... 11, 12

*In re Matter of the Search of a Residence* (E.D. Wisc. 1988) 121 F.R.D. 78 ........ 7, 8

*In re Search of Up North Plastics, Inc.* (D. Minn. 1996) 940 F.Supp. 229 .............. 7

*Indianapolis Star v. United States (In re Fair Fin.)* (6th Cir. 2012) 692 F.3d 424 ...... 8

*Ortiz v. Ollison* (C.D. Cal. 2009) 2009 U.S. Dist. LEXIS 117001 .......................... 5

*Public Service Co. v. Federal Energy Regulatory Com.* (10th Cir. 1987) 832 F.2d 1201 ................................................................................................................................. 7

| | |
|---|---|
| 1 | *Silver Sage Partners, Ltd. v. City of Desert Hot Springs* (9th Cir. 2001) 251 F.3d 814 . . 3 |
| 2 | *Southern Pacific Terminal Co. v. ICC* (2011) 219 U.S. 498 . . . . . . . . . . . . . . . . . . . . . . . . 7 |
| 3 | *Uganda Knapps v. City of Oakland* (2009) 647 F.Supp.2d 1129 . . . . . . . . . . . . . . . . . . 3 |
| 4 | *United States v. Concentrated Phosphate Export Assn., Inc.* (1968) 393 U.S. 199 . . . . . 9 |
| 5 | *Zenith Radio Corp. v. Hazeltine Research* (1971) 401 U.S. 321 . . . . . . . . . . . . . . . . . . . 3 |

Federal Statutory Authority

18 U.S.C. § 921 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Federal Rules

Federal Rules of Civil Procedure, Rule 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Federal Rules of Civil Procedure, Rule 59 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3

## I. INTRODUCTION

Petitioner Lycurgan, Inc.'s ("Lycurgan") motion to unseal search warrant documents is not moot because (1) the redacted search warrant affidavit is insufficient, and (2) Lycurgan's motion presents an issue that it is "capable of repetition, yet evading review."

Regardless of whether names were properly redacted, the issue remains whether the target of a search and seizure has a Fourth Amendment right to pre-indictment access to the search warrant affidavit. Lycurgan continues to operate under the same business model of which the Government is currently investigating. Thus, the Government remains free at any time to apply for another search warrant under seal, and deny Lycurgan's Fourth Amendment right to inspect it. This is an unsettled area of the law that affects Lycurgan as well as all other individuals and entities that may be the target of a search and seizure. The Court's ruling on this fully briefed and argued matter may save Lycurgan, and other similarly situated litigants, the time and expense of re-litigating this issue the next time the Government raids its business facilities.

On August 14, 2014, the Government disclosed a redacted version of the search warrant affidavit. [McMillan Decl. ¶ 5.; RFJN, Exh. B.] On August 21, 2014, the Court held the redacted affidavit mooted Lycurguan's motion to unseal, and ordered the case dismissed. [McMillan Dec. ¶ 5; RFJN Exh. A.] Lycurgan was not given an opportunity to respond to the Government's disclosure of the redacted affidavit, nor was Lycurgan given the opportunity to address the "mootness" issue. [McMillan Decl. ¶ 5.] In light of the newly discovered evidence of the redacted affidavit, and in the interests of Due Process, Lycurgan respectfully requests the Court to grant a new trial or take further action on its judgment, including, but not limited to, taking additional testimony, amending findings of fact and conclusions of law or make new ones, or direct the entry of a new judgment. (Fed. R. Civ. Proc. 59(a).)

## II. FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2014, the Government obtained a search warrant under seal to search Lycurgan's four leased real estate properties located at: (1) 206/208 N. Freeman St., Oceanside, CA 92054; (2) 416 National City Blvd., Unit B, National City, CA; (3) 180 Roymar St., Suite D, Oceanside, CA 92058; and (4) 2420 Industry, Suite A, Oceanside, CA. [McMillan Decl. ¶ 3.] On March 15, 2014, the Government executed the search warrant, and numerous agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE") swarmed Lycurgan's business properties. [Id. ¶ 4.] During its search, the BATFE seized and carried away a large number of polymer castings, among a multitude of other lawfully owned items that are necessary for the functioning of the business. [Id.]

On June 11, 2014, Lycurgan filed a motion to unseal the search warrant affidavit. The Government opposed. [McMillan Decl. ¶ 5.] Both parties fully briefed the matter, and presented oral arguments at the hearing on July 31, 2014 in this Court. [Id.] At the conclusion of the hearing, the Court ordered the Government to submit supplemental briefing to justify maintaining the sealing of the search warrant affidavit. [Id.] Instead, the Government disclosed a redacted version of the affidavit on August 14, 2104, and called the issue moot. [Id.] On August 21, 2014, the Court agreed with the Government and dismissed the case. [Id.] Lycurgan was not given an opportunity to respond to the Government's argument that the case is moot. [Id.]

## III. LEGAL STANDARD FOR A MOTION FOR NEW TRIAL UNDER RULE 59(a)

The district court is empowered to grant a new trial to all or any of the parties on all or part of the issues, after either a jury or nonjury trial. (Fed. R. Civ. Proc. 59(a).) Rule 59(a) does not specify the grounds on which the court may order a new trial. It simply states that a new trial may be granted "after a nonjury trial, for any reason for

which a rehearing has heretofore been granted in a suit in equity in federal court." (Fed. R. Civ. Proc. 59(a)(1)(B).) Also, "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." (Fed. R. Civ. Proc. 59(a)(2).)

"A court may grant a new trial or amend its judgment after a court-tried action for three reasons: (1) manifest error of law; (2) manifest error of fact; (3) newly-discovered evidence." (*Uganda Knapps v. City of Oakland* (2009) 647 F.Supp2d 1129, 1174, citing *Brown v. Wright* (9th Cir. 1978) 588 F.2d 708, 710; see also *Silver Sage Partners, Ltd. v. City of Desert Hot Springs* (9th Cir. 2001) 251 F.3d 814, 819.) The court has "wide discretion" to grant a new trial based on a combination of factors that cause the court to conclude a new trial is necessary. (*Deas v. Paccar, Inc.* (11th Cir. 1985) 775 F.2d 1498, 1505.)

IV. ARGUMENT

**A. The Court Should Grant Lycurgan's Motion for a New Trial In Light of the Newly Discovered Evidence of the Redacted Search Warrant Affidavit.**

"Like a motion under Rule 15(a) to amend the pleadings, a motion to reopen to submit additional proof is addressed to [the trial court's] sound discretion." *(Zenith Radio Corp. v. Hazeltine Research* (1971) 401 U.S. 321, 331, omitting citations.) "The purpose of Rule 59(a)(2) is not 'to introduce new evidence that was available at the time of trial but was not proffered, to advance new theories, or to secure a rehearing on the merits.'" (*Chavez v. City of Albuquerque* (D. N.M. 2008) 640 F.Supp.2d 1340, 1343, citing *Fontenot v. Mesa Petroleum Co.* (5th Cir. 1986) 791 F.2d 1207, 1219.)

At the time of the hearing on this matter, and after all the briefing had concluded, the Government had not disclosed the search warrant affidavit. Afterwards, the Government unexpectedly disclosed a redacted version of the affidavit. Based on this

new evidence, the Court ordered the case dismissed one week later. [McMillan Decl. ¶ 5; RFJN Exh. A.] At the time of the Court's order, Lycurgan was preparing a response to the Government's disclosure. [McMillan Decl. ¶ 5.] However, Lycurgan was unable to complete and file the supplemental briefing within the one-week time period between discovery of the affidavit and the Court's dismissal. [Id.]

The Government never suggested it would disclose a redacted version of the affidavit. In fact, the Government vigorously opposed disclosure of any portion of the affidavit during oral argument and in its briefing. The Government also agreed to submit supplemental briefing to support its compelling interest in keeping the affidavit sealed. Thus, the issue of whether disclosure of the redacted affidavit would moot this action was never raised or addressed by the Court, the Government or Lycurgan prior to the Court's order declaring Lycurgan's motion moot. All the evidence and argument presented in this motion demonstrating that this action is not moot could not have been presented earlier. (Contra *Welch v. Grindle* (9th Cir. 1957) 251 F.2d 671, 676-77 [denying Rule 59(a) motion because the offered evidence was merely cumulative and there was no reason why the evidence could not have been earlier obtained].)

Accordingly, Lycurgan respectfully requests the Court to consider the arguments contained herein that address the newly discovered evidence of the redacted search warrant affidavit, and order a new trial or take further action on its judgment.

**B. Petitioner's Motion Is Not Moot**

"Article III restricts federal courts to the resolution of cases and controversies." (*Davis v. FEC* (2008) 554 U.S. 724, 732, citing *Arizonans for Official English v. Arizona* (1997) 520 U.S. 43, 64.) The party invoking federal jurisdiction must have a personal interest at the commencement of litigation. (*Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.* (2000) 528 U.S. 167, 189.) "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."

(*Arizonans for Official English*, 520 U.S. at 67.) Generally, if the actual controversy subsequently ceases to exist pending litigation, the case is "moot" and must be dismissed. (*Church of Scientology v. United States* (1992) 506 U.S. 9, 12.)

### 1. The Redacted Affidavit Is Insufficient.

The Government released the search warrant affidavit, which redacted critical information - the names of the agents who attested to the truthfulness of the information contained in the affidavit, and the names of the agents who determined a crime was committed.

There is no legal authority that permits the government to withhold the names of the agents involved in applying for a search warrant affidavit. In *Ortiz v. Ollison* (C.D. Cal. 2009) 2009 U.S. Dist. LEXIS 117001, *16, the defendants filed a motion to unseal a search warrant affidavit. The defendants specifically requested the court to disclose information regarding the informant. [*Id.*] The court conducted an *in camera* hearing from which the court learned that the confidential informant was FBI Agent Donald Alway. [*Id.* at *17.] "The court thereafter revealed Alway's identity to defendants. The court further learned the source for Alway's information, but refused to disclose the informant's identity." [*Id.*]

Similarly here, the Court should order the Government to reveal the names of the agents involved in the application for the search warrant affidavit. The purported probable cause for the affidavit is the unidentified agents' interpretation of 18 U.S.C. § 921(a)(3)(A) in claiming that the seized parts are firearms. [Affidavit, ¶¶ 19, 36.] The unidentified agents are akin to expert witnesses, whose credibility is crucial. (*Behler v. Hanlon* (D. Md. 2001) 199 F.R.D. 533, 556 ["The importance of credibility of witnesses to the trial of cases cannot be overstated, and this is especially true with respect to expert witnesses."].) It is necessary for Petitioner to know the agents' identities to research the agents, challenge their credibility, determine if the agents were qualified to make the

assertions in the affidavit, and determine if the agents previously made any contradictory findings. (See *id.*) Indeed, certain BATFE agents previously determined that an 80% unfinished lower receiver is ***NOT*** a firearm. [Pet.'s Motion to Unseal at 1:9-12.]

The Government has not shown that the redaction is necessary to protect the safety of the agents.[1] There is also no reason to believe such disclosure would compromise the continuing investigation. The unidentified special agents' only apparent involvement consists purely of their analyses of the seized parts with respect to the applicable federal statutes in determining whether the parts are firearms. There is no indication from the affidavit that any special agent is currently working undercover or under some other guise. The Government has not, and cannot, show a compelling governmental interest to withhold the names of the special agents involved in applying for the search warrant. On the other hand, Petitioner has a strong interest in knowing the names of the agents who have determined that Lycurgan violated the law based on their subjective and disputed opinions. Petitioner Lycurgan respectfully requests the Court to amend its judgment to order the Government to disclose the redacted names in the search warrant affidavit.

2. The Issue Is Capable of Repetition, Yet Evading Review.

Even if the Court denies Petitioner's request to order the redactions removed from the affidavit, Petitioner still requests the Court to issue a ruling on Petitioner's motion to unseal. There are several exceptions to the "mootness" doctrine that preserve the court's

---

[1] Dimitrios Karras, CEO of Lycurgan, has a civil, professional relationship with Special Agent Gordon Geerdes who was involved in the execution of the search and seizure. [McMillan Decl. ¶ 6.] At the July 31, 2014 hearing, the Government admitted that "Special Agent Geerdes has spoken highly of [Mr. Karras]." [Id.] The Government raised some concern about a life-size cut-out of an agent and about the delivery of pizzas to some agents. [Id.] Petitioner addressed these concerns in the briefing and orally at the hearing, reassuring that neither act was done as a threat or with any ill-intentions. [Id.] Mr. Karras even vowed to remove the life-size cut-out upon request from Special Agent Geerdes. [Id.]

jurisdiction even where the relief sought by a party has already been provided or is no longer available. (*Public Service Co. v. Federal Energy Regulatory Com.* (10th Cir. 1987) 832 F.2d 1201, 1208, n. 7.) As applicable here, a case is not moot if the issue is "capable of repetition, yet evading review." (*Southern Pacific Terminal Co. v. ICC* (2011) 219 U.S. 498, 515 [the first case to enunciate the "capable of repetition, yet evading review" exception to the doctrine of mootness].) "That exception applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." (*Davis v. FEC* (2008) 554 U.S. 724, 735, internal quotations omitted.)

         a. *The Challenged Sealing of the Search Warrant Affidavit Is Inherently Limited in Duration.*

The United States Supreme Court held that a controversy that lasts two years is capable of evading review. (See *Southern Pacific Terminal Co.*, 219 U.S. at 514-16.) The Court has also held that "18 months [is] too short a period of time . . . to obtain complete judicial review." (*First Nat'l Bank v. Bellotti* (1978) 435 U.S. 765, 774.) The Ninth Circuit has held that regulations in effect for one year do not last long enough for judicial review. (*Alaska Ctr. for the Env't v. U.S. Forest Serv.* (9th Cir. 1999) 189 F.3d 851, 855; *Greenpeace Action v. Franklin* (9th Cir. 1993) 14 F.3d 1324, 1329-30.)

The sealing of a search warrant affidavit is inherently limited because "the time period to continue the sealing must be both reasonable and definite." (*In re Search of Up North Plastics, Inc.* (D. Minn. 1996) 940 F.Supp. 229, 233; *In re 14416 Coral Gables Way* (D. Md. 2011) 946 F. Supp. 2d 414, 419-20 ["[T]he subject's Fourth Amendment right must only yield to the government's compelling interest for a reasonable period of time."].) Courts are reluctant to allow a search warrant affidavit to be sealed longer than five months. (*In re Matter of the Search of a Residence* (E.D. Wisc. 1988) 121 F.R.D. 78,

80 ["At the hearing, this court indicated that the government's reasons for a continuation of confidentiality had started to wear thin, especially after almost 150 days."].)

In an analogous case, two newspaper companies filed a motion to unseal a search warrant affidavit. (*Indianapolis Star v. United States (In re Fair Fin.)* (6th Cir. 2012) 692 F.3d 424, 428.) The district court denied the motion to unseal, and the newspapers appealed. (*Id.*) During the appeal, the government moved to unseal the search warrant documents, which the court granted. (*Id.*) The appellate court held that it still retained jurisdiction over the issues presented in the newspapers' motion to unseal because the matter was "capable of repetition yet evading review." (*Id.*) The court reasoned that "[t]he proceedings involved with orders to seal of the type at issue here are often too short to be fully litigated." (*Id.*) The court then ruled on the merits of the newspapers' motion to unseal, deciding the issues of: (1) whether there is a First Amendment right of access to search warrant documents, (2) whether the district court's order denying the motion to unseal failed to make specific findings and conclusions, and (3) whether search warrant documents may be sealed indefinitely. (*Id.* at 429-434.)

Here, the search warrant affidavit was sealed for approximately five months. This is not enough time for judicial review. In other cases, a search warrant affidavit may be sealed longer, but only for a "reasonable period of time," likely under one year. (*In re 14416 Coral Gables Way*, 946 F. Supp. 2d at 419-20; *In re Matter of the Search of a Residence*, 121 F.R.D. at 80.) Therefore, the instant issue of whether the target of a search and seizure is entitled to a pre-indictment right to inspect the search warrant affidavit under the Fourth Amendment is capable of evading review.

b. *There Is a Reasonable Expectation that Petitioner Will Be Subject to Another Search and Seizure Based Upon a Sealed Affidavit.*

"Voluntary cessation of challenged conduct moots a case, however, only if it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to

recur.'" (*Adarand Constructors v. Slater* (2000) 528 U.S. 216, 222, quoting *United States v. Concentrated Phosphate Export Assn., Inc.* (1968) 393 U.S. 199, 203.) The party asserting mootness has a "'heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again.'" (*Adarand Constructors*, 528 U.S. at 222, quoting *Friends of the Earth, Inc.*, 528 U.S. at 189.) The reason is due to the risk that voluntary cessation will allow the defendant "to return to his old ways." (*Concentrated Phosphate Export Assn., Inc.*, 393 U.S. at 203, quotation omitted.)

The Government cannot meet its "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." (*Friends of the Earth, Inc.*, 528 U.S. at 190.) The Government has a particularly difficult burden because the Government is the alleged wrongdoer in this matter. (See *FTC v. Affordable Media, LLC* (9th Cir. 1999) 179 F.3d 1228, 1237 ["It is possible, of course, that a defendant's conduct can moot the need for injunctive relief, but the 'test for mootness in cases such as this is a stringent one,'" quoting *Concentrated Phosphate Export Ass'n., Inc.*, 393 U.S. at 203.].)

The Government is making a habit of trampling Petitioner Lycurgan's Constitutional rights under various reasons. Then, after the damage is done, taking steps to purportedly render Lycurgan's contentions moot. First, the Government seized substantial business inventory from Lycurgan and provided notice of a civil forfeiture proceeding. The Government then allowed more than three months to lapse, during which Lycurgan was deprived of its lawful property and incurred attorneys' fees and costs in preparing for the civil forfeiture proceeding, before the Government drafted a two-sentence letter informing Lycurgan it was no longer pursuing forfeiture but would continue to retain Lycurgan's property. [See letter, dated July 3, 2014, from the Bureau of Alcohol, Tobacco, Firearms and Explosives, to Lycurgan's CEO Dimitrios Karras, a true and correct copy attached hereto as **Exhibit "C."**]

The Government forced Lycurgan to spend five months pondering why the Government raided its business and seized its property. The Government forced Lycurgan to incur attorney's fees and costs in fully briefing and arguing its motion to unseal the search warrant affidavit before this Court. Only after this Court indicated that the Government would have to justify the basis for keeping the affidavit sealed did the Government finally offer to unseal portions. This issue *is not* moot, and will likely occur again.

The substance of the Affidavit offered to support the issuance of the Search Warrant suggests that ATF personnel were offended by Lycurgan's First Amendment conduct. The ATF specifically cited to the conduct of Lycurgan's principals to obtain issuance of the search warrant. Specifically,

- the ATF agent noted that Lycurgan had sought a Temporary Restraining Order against the ATF [Affidavit, Doc. 14-1, ¶ 30],
- The ATF agent noted that Lycurgan's principal Dimitri Karras's concern was having to give up the customer records that ATF was requesting. [Id.]
- The ATF agent noted that "KARRAS disagreed that the EP Armory lowers should be considered firearms. This disagreement was one of the reasons he obtained a Temporary Restraining Order (TRO) against ATF, in addition to that fact that KARRAS did not want to voluntarily provide the EP Armory list of purchasers to ATF." [Id., ¶ 36.]
- That ATF agent described the target location in National City, which suffered the particularly distasteful acts of vandalism and the off-the-book seizure of valuable unfinished pistol frames, as:

> "The building is a duplex in which the southern storefront has Ares Armor logo decal affixed to the store front. In addition, there is a billboard above the building which has a picture of an AR -1 5 variant rifle "Ares Armor" and "Unserialized. No Registration. Legal" written on the billboard."

[*Id.*, Attachment (A)(2).]

These statements reflect ATF's animus towards Lycurgan. This animus has shown no signs of dispelling.

Lycurgan still operates its business under the same model that the Government alleges is unlawful. (Contra *City News & Novelty v. City of Waukesha* (2001) 531 U.S. 278, 284 [A challenge to a license renewal proceedings became moot when the licensee (plaintiff) voluntarily withdrew its renewal application and closed its business with no plan of reopening].) Therefore, the Government is "free to return to its illegal action at any time" in raiding Lycurgan and denying Lycurgan's Fourth Amendment right to inspect the search warrant affidavit. (*FTC*, 179 F.3d at 1237 ["The standard for the voluntary cessation exception to mootness is 'whether the defendant is free to return to its illegal action at any time,'" quotation omitted].) It is not "absolutely clear" that the Government will not conduct a similar search and seizure under seal. (*Id.*, omitting citations.)

It is likely the Government will raid Lycurgan again in light of Lycurgan's continual operation and the Government's pending criminal investigation. It is also likely the Government will file the search warrant affidavit under seal and refuse to disclose it to Lycurgan. The Government finally disclosed the affidavit to Lycurgan only after the Court ordered the Government to substantiate its continued sealing of the affidavit. Until then, the Government vigorously fought to keep the affidavit under seal despite having no compelling interest.

In *In re Application of United States of America for Order Authorizing the Installation of a Pen Register or Touch-Tone Decoder and a Terminating Trap, Bell Telephone Company of Pennsylvania* (3d Cir. 1979) 610 F.2d 1148, 1150, telephone companies challenged the district court's authority to order them to assist law enforcement agents in the tracing of telephone calls. The telephone companies fully complied with the law enforcement agents in assisting them in tracing telephone calls.

Nevertheless, the court held the case was not moot because it was an issue "capable of repetition, yet evading review." (*Id.* at 1153.) The court reasoned that "[n]othing indicates that federal law enforcement officials will not continue to seek tracing orders requiring the assistance of these companies." (*Id.*)

Similarly here, nothing indicates that the Government will not seek an application for another search warrant against Lycurgan, while refusing to allow Lycurgan to inspect the sealed affidavit. A ruling on this issue whether a search target has a pre-indictment right to inspect the search warrant affidavit is particularly valuable due to the uncertainty in this area of the law. As this Court noted during the July 31, 2014 hearing on the motion to unseal the affidavit, the law is unsettled on this issue, and the sparse case precedent is conflicting. This is an important issue that affects not only Lycurgan, but all individuals and entities who may be the target of a search and seizure. Lycurgan and the Government have fully briefed this issue and argued it before this Court. The Court's ruling on this issue will prevent Lycurgan from having to re-litigate this matter, and will offer much needed legal precedent in an unsettled area of the law.

## V.  CONCLUSION

For the foregoing reasons, Petitioner Lycurgan, Inc. respectfully requests the Court to grant a new trial, or alternatively, amend its judgment or direct the entry of a new judgment pursuant to Federal Rule of Civil Procedure 59(a).

Respectfully submitted,

THE MCMILLAN LAW FIRM, APC

/s/ Scott A McMillan

Dated: September 16, 2014

Scott A. McMillan
Attorneys for Petitioner
Lycurgan, Inc.

# EXHIBIT C



U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

Washington, DC 20226
www.atf.gov

406040:TBM
3450

**FEDERAL EXPRESS**

JUL 0 3 2014

Dimitrios Karras
c/o Scott A. McMillan
4670 Nebo Drive, Suite 200
La Mesa, California 91941-5230

    Re:    **Claim for Seized Property**
            Agency Case Number:    784090-13-0011
            Asset Identification Number:  14-ATF-009592
            Asset Description:           5,804 Unknown Manufacturer AR Type
                                        Receiver/Frame CAL: Unknown SN: Unknown

Dear Mr. Karras:

The United States Department of Justice will not pursue the civil forfeiture of the asset described above. However, the United States Department of Justice will retain the seized property as evidence in its ongoing criminal investigation.

                                                            Sincerely yours,

                                                            James D. Ingram
                                                             Associate Chief Counsel
                                                             Asset Forfeiture Division
                                                            Office of Chief Counsel