Scott A. McMillan, SBN 212506
Michelle D. Volk, SBN 217151
Sean E. Smith, SBN 288973
**The McMillan Law Firm, APC**
4670 Nebo Drive, Suite 200
La Mesa, California 91941-5230
(619) 464-1500 x 14
Fax: (206) 600-5095

Attorneys for Petitioner,
Lycurgan, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE SEARCH OF:<br>Ares Armor, 206/208 N. Freeman St., Oceanside; Ares Armor, 416 National City Blvd.; Ares Armor Warehouse, 180 Roymar St. D; and 2420 Industry, Oceanside, CA. | CASE NO. 14-CV-1424 JLS (BGS)<br><br>**PETITIONER LYCURGAN, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(d) AND 28 U.S.C. SECTION 2412**<br><br>Judge: Hon. Janis L. Sammartino<br>Courtroom: 4A<br>Hearing Date: October 30, 2014<br>Hearing Time: 1:30 P.M. |
| LYCURGAN, INC. d/b/a ARES ARMOR,<br>                Petitioner,<br>vs.<br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br>                Respondent. | |

Petitioner Lycurgan, Inc. ("Lycurgan") respectfully submits the following memorandum of points and authorities in support of its motion for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d), and according to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, as the prevailing party in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

**TABLE OF CONTENTS**

I. INTRODUCTION.................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND........................... 2
   A. Search and Seizure........................................................... 2
   B. Criminal Proceeding Against Tyler Hughes............................. 2
   C. Forfeiture....................................................................... 3
   D. Motion to Unseal Search Warrant Affidavit............................. 3
   E. The Final Judgment.......................................................... 4

III. LEGAL STANDARD FOR MOTION FOR ATTORNEY'S FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT.......................... 5

IV. ARGUMENT......................................................................... 6
   A. Lycurgan Is the Prevailing Party........................................... 6
   B. Lycurgan Is Entitled to Fees Under the EAJA........................... 7
   C. There Was No Substantial Justification for the Position of the ATF.......... 8
   D. There Are No Special Circumstances that Make an Award Unjust.......... 11
   E. Lycurgan Seeks Attorney's Fees and Costs Necessarily Incurred in this Action at the Statutorily Approved Rate................................ 12

V. CONCLUSION...................................................................... 15

# TABLE OF AUTHORITIES

**Federal Statutory Authority**

28 U.S.C. § 2412 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5-8, 11, 12, 15

5 U.S.C. § 504 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Federal Decisional Authority**

*In re Up North Plastics, Inc.* (D. Minn. 1996) 940 F.Supp. 229 . . . . . . . . . . . . . . . . . 12

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y* (1975) 421 U.S. 240 . . . . . . . . . . . . . . 5

*Dean v. Riser* (5th Cir. 2001) 240 F.3d 505 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Farrar v. Hobby* (1992) 506 U.S. 103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Gotches v. Heckler* (7th Cir. 1985) 773 F.3d 108 . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12

*Hensley v. Eckerhart* (1983) 461 U.S. 424 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Search Warrant for Secretarial Area Outside Office of Gunn* (8th Cir. 1988) 855 F.2d 569 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Search Warrants Issued on April 26, 2004* (D. Md. 2004) 353 F. Supp. 2d 584 . . . . 9

*In re Searches and Seizures* (E.D. Cal.) 2008 U.S. Dist. LEXIS 107087 . . . . . . . . . . . 8, 9

*Love v. Reilly* (9th Cir. 1991) 924 F.2d 1492 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*Maritime Mgmt, Inc. v. United States* (11th Cir. 2001) 242 F.3d 1326 . . . . . . . . . . . . . 5

*Montes v. Thornburgh* (9th Cir. 1990) 919 F.2d 531 . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*National Wildlife Fed'n v. Federal Energy Regulatory Comm'n* (9th Cir. 1989) 870 F.2d 542 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Neal & Co. v. United States* (Fed. Cir. 1997) 121 F.3d 683 . . . . . . . . . . . . . . . . . . . 5, 6

*Pierce v. Underwood* (1987) 487 U.S. 552 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Rhodes v. Stewart* (1988) 488 U.S. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Richlin Sec. Co. v. Chertoff* (2008) 553 U.S. 571 . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Scarborough v. Principi* (2004) 541 U.S. 401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sims v. Apfel* (5th Cir. 2001) 238 F.3d 597 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sorenson v. Mink* (9th Cir. 2001) 239 F.3d 1140 . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Times Mirror Co. v. United States* (9th Cir. 2011) 873 F.2d 1210 . . . . . . . . . . . . . . 8-10

*United States DOL v. Rapid Robert's* (8th Cir. 1997) 130 F.3d 345 . . . . . . . . . . . . . . 11

*United States v. Hallmark Constr. Co.* (7th Cir. 2000) 200 F.3d 1076 . . . . . . . . . . 5, 12

*United States v. Real Property Known as 22249 Dolorosa St., Woodland Hills, Calif.* (9th Cir. 1999) 190 F.3d 977. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 13

## I.  INTRODUCTION

The Equal Access to Justice Act provides that a prevailing party in a non-tort civil case against the United States is entitled to mandatory attorney's fees and expenses, unless there was "substantial justification" for the government's position, or "special circumstances" exist to make an award unjust.  (28 U.S.C. section 2412(d)(1)(A).)  Subsection (a)(1) entitles the prevailing party to an award of costs at the discretion of the court.

Petitioner Lycurgan, Inc. ("Lycurgan") is the prevailing party.  Lycurgan filed this action to unseal the search warrant affidavit ("Affidavit"), which was used to authorize the expansive and destructive raid of its four business properties.  After fully briefing and arguing this contested matter, the Respondent United States ("Government"), and its agency, the Bureau of Alcohol, Tobacco and Firearms Enforcement, e.g., the "ATF" (or "Agency") unsealed the Affidavit. [McMillan Dec., ¶ 24 , Exhibit 'A'.] The ATF redacted only the names of its agents.

The ATF's position was not substantially justified in either law or fact.[1]  The ATF relied exclusively on inapplicable First Amendment "media" cases for the proposition that Lycurgan did not have a Fourth Amendment right to access the Affidavit. [Opp'n at 8:8-10:5.] Lycurgan cited several cases that held "media" cases do not affect the rights of the search and seizure victim, who does have a Fourth Amendment right to access the search warrant affidavit prior to indictment. [Reply at 3:18-5:11.]

The ATF baldly stated that unsealing the Affidavit would compromise the pending criminal investigation. [Opp'n at 9:10-22.] During oral argument, the Court indicated at tentative position reflecting that the Government failed to meet its burden in

---

[1] The discussion of whether the Agency position taken was "substantially justified" is not in any way intended to impugn the conduct, the ability or the motivations of the Government's counsel, i.e., the United States Attorney or her Assistant United States Attorneys.  Lycurgan acknowledges that the lawyers with the United States Attorney's office for these proceedings have behaved as a paragon of competence, professionalism and civility.

demonstrating and supporting a compelling governmental interest to continue sealing the Affidavit. [McMillan Decl. ¶ 14.] Notably, the search and seizure had long been executed, and the raid was well-publicized, undermining the policy considerations in support of keeping a search warrant affidavit sealed. [Reply at 4:22-5:11.] Despite being given a second opportunity by the Court to support its position, the ATF did not even attempt to do so. [McMillan Decl. ¶ 15.] Instead, the ATF ceded and unsealed the Affidavit. [*Id*.]

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A. Search and Seizure

On March 14, 2014, Respondent B. Todd Jones obtained a search warrant based on a sealed affidavit ("Affidavit") to search Petitioner Lycurgan, Inc.'s ("Lycurgan") four leased real estate properties located at: (1) 206/208 N. Freeman St., Oceanside, CA 92054; (2) 416 National City Blvd., Unit B, National City, CA; (3) 180 Roymar St., Suite D, Oceanside, CA 92058; and (4) 2420 Industry, Suite A, Oceanside, CA. [McMillan Decl. ¶ 3.] On March 15, 2014, the Government executed the search warrant, and numerous agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE") swarmed Lycurgan's business properties. [*Id*. ¶ 4.] During its search, the BATFE seized and carried away a large number of polymer castings, among a multitude of other lawfully owned items that are necessary for the functioning of the business. [*Id*.]

The raid occurred just days after Lycurgan filed a complaint against the Government for deprivation of Civil Rights, styled as *Lycurgan, Inc. v. B. Todd Jones*. [McMillan Decl. ¶ 4.]

### B. Criminal Proceeding Against Tyler Hughes

During the raid of Lycurgan at 2420 Industry, Oceanside, CA, BATFE agents extended its search and seizure to Lycurgan's private parking lot. [McMillan Decl. ¶ 5.] The agents looked inside vehicles, including one that belonged to Tyler Hughes ("Mr. Hughes"), a subtenant of Lycurgan. [*Id*.] The agents demanded Mr. Hughes to open his

vehicle. [*Id*.] Under duress, Mr. Hughes complied. [*Id*.] The agents then demanded Mr. Hughes to open a locked box inside his vehicle. [*Id*.] Again, under duress, Mr. Hughes complied. [*Id*.] The box contained certain gun parts. [*Id*.] The BATFE agents seized the items, which lead to criminal charges filed against Mr. Hughes by the San Diego District Attorney's Office. [*Id*.] Mr. Hughes plead guilty to a criminal charge without the benefit of examining the purported basis for "probable cause" in the search and seizure of his vehicle. [*Id*.] Mr. Hughes' arrest and conviction stemming from the search and seizure provided one, among several, motivations for Lycurgan's motion to unseal the Affidavit.

### C. Forfeiture

On March 27, 2014, the BATFE mailed a "NOTICE OF SEIZURE AND ADMINISTRATIVE FORFEITURE PROCEEDING" to Mr. Karras, in an attempt to withhold the seized items with an estimated value of $290,200.00. [McMillan Decl. ¶ 6.] On April 5, 2014, Lycurgan, through counsel, filed a verified claim, contesting the forfeiture and requesting the initiation of a judicial proceeding to challenge such forfeiture. [*Id*.] This forfeiture proceeding formed one, among several, motivations for Lycurgan's efforts to obtain the Affidavit.[2]

### D. Motion to Unseal Search Warrant Affidavit

On June 11, 2014, Lycurgan filed a motion ("Motion") to unseal the Affidavit, along with a supporting declaration of Lycurgan's attorney, Scott A. McMillan, and a declaration of Mr. Karras with ten attached exhibits.

On July 10, 2014, the Government filed an opposition ("Opposition") with five attached exhibits, including a declaration of ATF Special Agent Gordon Geerdes.

On July 17, 2014, Lycurgan filed a reply ("Reply") in support of its Motion, along with an objection to the declaration of Gordon Geerdes, request for judicial notice, declaration of Mr. Karras in support of the Reply, declaration of Scott McMillan in

---

[2] On July 3, 2014, after Lycurgan filed its motion to unseal the Affidavit, the BATFE informed Mr. Karras it was no longer pursuing forfeiture but would continue to retain Lycurgan's property. [McMillan Decl. ¶ 8.]

support of the Reply, and a declaration of Tyler Hughes in support of the Reply.

### E. The Final Judgment

On July 31, 2014, a hearing was held on this matter before this Court. [McMillan Decl. ¶ 11.] Andrew Haden appeared on behalf of the Government. [*Id*.] Mr. Karras and Scott McMillan appeared on behalf of Lycurgan. [*Id*.] Tyler Hughes was also present. [*Id*.]

Both parties presented oral argument. [*Id*.] At the conclusion, the Court ordered the Government to submit supplemental briefing to substantiate its position to keep the Affidavit sealed. [McMillan Decl. ¶ 14.] Ultimately, the Government orally agreed to comply with the Court's order. [*Id*.]

On August 14, 2014, the Government declined to offer further support for its position, and instead, disclosed a slightly redacted version of the Affidavit. [McMillan Decl. ¶ 15.]

On August 21, 2014, the Court entered a judgment, dismissing the case as moot. [*Id*. ¶ 16.]

Lycurgan has moved for new trial, explaining its concerns that the ATF will continue its tomfoolery. Further, now that Lycurgan pursues a Bivens action, those redacted names are material.

On September 19, 2014, Lycurgan filed a notice of appeal, which the Ninth Circuit Court of Appeals received on September 22, 2014. [*Id*. ¶ 16.] Lycurgan filed the appeal on the basis that a judgment on the merits is necessary because the issue is capable of repetition, yet evading review. [*Id*. ¶ 16.] Further, Lycurgan needs the names of the agents so it can pursue them through its upcoming *Bivens* action. Notwithstanding the appeal, the outcome of this action is final as Lycurgan's review of the Affidavit can never be reversed or otherwise changed. [*Id*. ¶ 16.] Lycurgan does not seek any fees or costs associated with the appeal in this motion, and will not seek duplicative fees in the future. [*Id*. ¶ 16.]

## III. LEGAL STANDARD FOR MOTION FOR ATTORNEY'S FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT

Under the Equal Access to Justice Act (EAJA), a prevailing party in a civil action by or against the United States may be entitled to costs. (28 U.S.C. § 2412(a).) Section 2412(b) makes the United States liable for fees and costs "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." (*Scarborough v. Principi* (2004) 541 U.S. 401, 407, quoting § 2412(b).) An award of costs is discretionary.[3]

While an award of costs under section 2412(a) is discretionary, "[a]ttorney fees and expenses *must* be awarded when the Government's position is not 'substantially justified.'" (*Neal & Co. v. United States* (Fed. Cir. 1997) 121 F.3d 683, 686, emphasis in original, quoting section 2412(d)(1)(A).]; *Maritime Mgmt, Inc.*, 242 F.3d at 1332.) The rationale for requiring the Government to pay attorney's fees to the prevailing party under section 2412(d) is to "encourage[] members of the public to assist in the 'valuable public service [of] improving the efficiency of government operations.'" (*United States v. Hallmark Constr. Co.* (7th Cir. 2000) 200 F.3d 1076, 1080, quoting *Gotches v. Heckler* (7th Cir. 1985) 773 F.3d 108, 111.)

A party seeking a section 2412(d) fee award must file an application with the court within 30 days of "final judgment." (28 U.S.C. § 2412(d)(1)(B).) The application must show: (A) the party prevailed, (B) the party is entitled to fees under this provision, (C) there was no substantial justification for the position of the United States, (D) there are no special circumstances that make an award unjust, and (E) the amount sought, with an

---

[3] Costs are often granted "in situations where the government acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons' in its conduct of litigation." (*Maritime Mgmt, Inc. v. United States* (11th Cir. 2001) 242 F.3d 1326, 1331, quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y* (1975) 421 U.S. 240, 258-59.)

The stubborn resistance to providing the Affidavit, the delay in abandoning forfeiture proceedings after initiating an administrative case, and the effort to avoid the effect of the temporary restraining order by arranging a raid reflect an oppressive attitude by the ATF.

itemized time record for attorney's fees.  (See *Sims v. Apfel* (5th Cir. 2001) 238 F.3d 597, 599-600; § 2412(d)(1)(B).)

## IV. ARGUMENT

### A. Lycurgan Is the Prevailing Party

"While the EAJA contains no applicable definition of 'prevailing party,' we consider claimants 'prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"  (*United States v. Real Property Known as 22249 Dolorosa St., Woodland Hills, Calif.* (9th Cir. 1999) 190 F.3d 977, 981, quoting *National Wildlife Fed'n v. Federal Energy Regulatory Comm'n* (9th Cir. 1989) 870 F.2d 542, 544 and *Hensley v. Eckerhart* (1983) 461 U.S. 424, 433.)  A party who achieved the objective of the action is a "prevailing party" even if the party received only nominal damages.  (*Farrar v. Hobby* (1992) 506 U.S. 103, 105 ["In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."].)

Here, Lycurgan brought this suit to unseal the search warrant affidavit ("Affidavit") that was used to authorize the expansive and destructive raid of Lycurgan's four business facilities.  After fully litigating this matter, the Government disclosed the Affidavit, while redacting only the names of the investigating agents involved.  [See Affidavit.]  Lycurgan achieved its one and only goal in this action, which the Government vigorously opposed up to and through briefing and oral argument.  Although the Affidavit is slightly redacted, Lycurgan benefitted greatly from gaining access to the vast majority of the Affidavit.  (*Neal & Co*, 121 F.3d at 685 ["[A] party may prevail without winning a complete victory or fully recovering its requested damages."].)  The Affidavit confirmed Lycurgan's belief that it contained misrepresentations, material omissions, and a lack of probable cause. [McMillan Decl. ¶ 15.]  The newly discovered facts gained from the unsealed Affidavit formed the basis for a *Bivens* action that Lycurgan recently filed against the Government agents involved in the search and seizure of Lycurgan. [*Id.*]

The Government will undoubtedly claim Lycurgan is not the prevailing party because the Government "voluntarily" unsealed the Affidavit, and the Court subsequently dismissed this case as moot. (See *Rhodes v. Stewart* (1988) 488 U.S. 1, 3 [holding that the plaintiff was not entitled to an award of attorney's fees because "[t]he case was moot before judgment, and the judgment therefore afforded the plaintiffs no relief whatsoever."].) However, prevailing party status is preserved if the case becomes moot after the party achieves its objective. (*Montes v. Thornburgh* (9th Cir. 1990) 919 F.2d 531, 538 [noting that "the inapplicability of *Rhodes* is obvious . . . [because] [h]ere, the case became moot only because appellees achieved their objective."].)

Similar to *Montes*, the Court held the instant case is moot only because Lycurgan largely achieved its objective in unsealing the Affidavit. Thus, the "mootness" issue does not affect Lycurgan's status as the "prevailing party" within the meaning of the EAJA. (*Montes*, 919 F.2d at 538.) This is particularly so here where the Government unsealed the Affidavit ***only after*** the Court indicated it was inclined to enter a judgment on the merits in favor of Lycurgan unless the Government could support its position with supplemental briefing. (Cf. *Dean v. Riser* (5th Cir. 2001) 240 F.3d 505, 511 ["[W]e hold that a defendant is not a prevailing party within the meaning of § 1988 when a civil rights plaintiff voluntarily dismisses his claim, unless the defendant can demonstrate that the plaintiff withdrew to avoid a disfavorable judgment on the merits."].) It would be inequitable and contrary to the law to allow the Government to avoid paying mandatory attorney's fees under section 2412(d) after the Government forced Lycurgan to fully litigate and argue this matter, and then ceded only after gauging the Court's position. (See *Dean*, 240 F.3d at 511.)

### B. Lycurgan Is Entitled to Fees Under the EAJA

"A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) . . .." (28 U.S.C. § 2412(d)(1)(a).) As discussed above, Lycurgan is a prevailing party against the United

States. This is a non-tort civil case. This action is based on Lycurgan's Fourth Amendment pre-indictment right to access the Affidavit.

To be eligible for an award of attorney's fees under section 2412(d), the party must be "any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed . . .." (§ 2412(d)(2)(B)(ii); *Love v. Reilly* (9th Cir. 1991) 924 F.2d 1492, 1494.) At all times Lycurgan, Inc. has been in existence, its net worth (assets minus liabilities) has never exceeded $7,000,000, and it has never employed more than 500 employees. [Karras Decl. ¶ 3.] This qualifies Lycurgan as an eligible party under the EAJA. (Cf. *Love*, 924 F.2d at 1494.)

**C. There Was No Substantial Justification for the Position of the ATF**

The ATF has the burden of showing "substantial justification" to defeat a section 2412(d) prevailing party fee award. (*Love*, 924 F.2d at 1495, omitting citations; *22249 Dolorosa St.*, 190 F.3d at 983-84.) The ATF "must demonstrate that its position had 'a reasonable basis both in law and fact.'" (*22249 Dolorosa St.*, 190 F.3d at 983-84, quoting *Pierce v. Underwood* (1987) 487 U.S. 552, 565.)

Thus, the ATF is unable to meet its burden. In opposing Lycurgan's motion to unseal the Affidavit, the Government relied exclusively on *First Amendment* cases, including *Times Mirror Co. v. United States* (9th Cir. 2011) 873 F.2d 1210, 1213-14, for the proposition that "warrant materials have not historically been accessible to the public during the *early stages* of criminal proceedings." [Opp'n at 8:8-10, emphasis in original, quotations and citations omitted.] This argument and the cited authorities are inapplicable in this case. This is not a "media" case. This is a "victim-of-a-search" case. There is a fundamental difference between the First Amendment right of the media to access search warrant documents, and the Fourth Amendment right of the victim of an allegedly unreasonable search and seizure to access the search warrant documents. (*In re Searches and Seizures* (E.D. Cal.) 2008 U.S. Dist. LEXIS 107087, 8-10.)

1    As Lycurgan laid out in its Reply, *Times Mirror Co*, and the related First

2 Amendment cases cited by the Government are inapposite based on the following

3 analysis:

> As noted above, the government argues that in *Times Mirror Co.* the Ninth Circuit held that sealed warrant affidavits should not be ordered unsealed before an indictment is returned. The court disagrees. In *Times Mirror Co.* the court was faced with attempts by various media organizations to unseal search warrants and supporting affidavits that had previously been ordered sealed by the district court. The issues presented in that case were whether the media has a qualified right of access to search warrants and supporting affidavits during the pre-indictment stage of a criminal investigation under the First Amendment, Federal Rule of Criminal Procedure 41 or pursuant to common law. 873 F.2d at 1212. The Ninth Circuit merely held that the media had no such right of access and affirmed the district courts' orders maintaining the warrant materials under indefinite seal. *Id*. at 1212-21. 3 The court did not address the entirely different question of a property owner's "abiding interest in challenging the reasonableness of the government's invasion of his property and/or privacy" which is left unanswered by inquiries into the general public's right of access to search warrants materials.

13 [Reply at 4:4-17, quoting *In re Searches and Seizures*, 2008 U.S. Dist. LEXIS 107087, 8-

14 10.] The court cited seven cases that addressed the question unanswered by *Times Mirror*

15 *Co.*, which all recognized "a search subject's pre-indictment Fourth Amendment right to

16 inspect the probable cause affidavit." [Reply at 4:17-21, quoting *Searches and Seizures*,

17 2008 U.S. Dist. LEXIS 107087, 8-10, and *In re Search Warrants Issued on April 26,*

18 *2004* (D. Md. 2004) 353 F. Supp. 2d 584, 591, and collecting cases.]

19    During oral argument in this matter, the Court questioned the Government about

20 the applicability of *Times Mirror Co.* in this Fourth Amendment case. [McMillan Decl. ¶

21 13.] Counsel for the ATF contended the case is moot because the Government is no

22 longer pursuing the civil forfeiture proceeding. [*Id*.] The Government repeatedly

23 resorted to substantially the same response to other questions from the Court.[4] [*Id*.] The

---

[4] The civil forfeiture proceeding that the Government initiated established but one, among several, reasons to support Lycurgan's need to access the Affidavit. The main purpose of the Motion was to enable Lycurgan to adequately challenge the search and seizure and possibly file a *Bivens* action against the Government if so warranted. Thus, the Government's subsequent withdrawal of the civil forfeiture did not moot this case. The Court agreed. [McMillan Decl. ¶ 13.] At the conclusion of oral argument, the Court

1  Government, at no time in its briefing or during oral argument, presented ***any*** legal
2  authority to justify its position that Lycurgan does not have a Fourth Amendment right to
3  pre-indictment access of the Affidavit. On the contrary, Lycurgan presented multiple
4  cases that recognized such a right. [Motion at 4:17-5:27; Reply at 3:19-5:11, citing
5  several cases directly on point.]

6  Not only was the Government's position not reasonable in law, it also was not
7  reasonable in fact. The Government argued "there is an ongoing criminal investigation
8  that is still in the early stage of its proceeding." [Opp'n at 9:10-11.] Thus, the
9  Government conclusorily claimed that "unsealing the affidavit at this time could
10 undermine the pursuit of justice." [*Id.* at 9:21-22, citing *Times Mirror Co.*, 873 F.3d at
11 1215.] But, it is well settled that the Government has the burden to demonstrate and
12 support a "compelling government interest" to keep a search warrant affidavit under seal.
13 [Reply at 5, 12-21, collecting cases.] "General assertions about protecting an ongoing
14 criminal investigation is insufficient to meet the government's burden." [*Id.* at 21-22,
15 collecting cases.]

16 At oral argument on this matter, this Court indicated that the Government failed to
17 meet its burden to demonstrate and support a compelling governmental interest to
18 continue sealing the Affidavit. [McMillan Decl. ¶ 14.] Nevertheless, the Court provided
19 the Government a second opportunity and to submit supplemental briefing to support the
20 Government's position. [*Id.*] After some discussion, the Government agreed to provide
21 supplemental briefing. [*Id.*] But, later, the Agency probably realized it had no reasonable
22 justification for its position, and thus, did not even attempt to justify its position. [*Id.* ¶
23 15.] Instead, the Government ceded and disclosed a slightly redacted version of the

---

25 ordered the Government to submit supplemental briefing to support its position.
26 [McMillan Decl. ¶ 14.] The Government resisted this order, continuing to argue that
27 supplemental briefing is not necessary because the Government's abandonment of the
   civil forfeiture somehow mooted this case. [*Id.*] Again, the Court disagreed that the
28 withdrawal of the civil forfeiture mooted this case. [*Id.*] Eventually, the Government
   orally agreed to comply with the Court's order to submit supplemental briefing. [*Id.*]

Affidavit. [*Id*.] This concession is telling about the "substantial justification" of the Government's position.

### D. There Are No Special Circumstances that Make an Award Unjust

"Once a party's eligibility has been proven, an award of fees is mandatory under the EAJA unless the government's position is substantially justified or special circumstances exist that make an award of fees unjust." (*Love*, 924 F.2d at 1495, citing 28 U.S.C. § 2412(d)(1)(A).) As discussed above, Lycurgan is the prevailing party against the Government in a non-tort civil case, and the Government's position was not substantially justified in law or in fact.

Furthermore, the Government cannot meet its burden to prove special circumstances exist to make an award unjust. (See *Love*, 924 F.2d at 1495.) The purpose of the "special circumstances" exception to the EAJA's mandatory attorney's fees and expenses is "to ensure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts." (*United States DOL v. Rapid Robert's* (8th Cir. 1997) 130 F.3d 345, 347, quoting H.R. Rep. No. 1418, 96th Cong., 2d Sess. at 11, *reprinted* in 1980 U.S.C.C.A.N 4953, 4990.)

Courts have denied EAJA attorney's fees under the "special circumstances" exception where the prevailing party: won on a "technical error," repeatedly violated the law, or did not substantially contribute to the successful phase of litigation (*Rapid Robert's*, 130 F.3d at 347-48, discussing cases.) None of the foregoing examples of special circumstances are present here, nor any other factor that would make an award unjust. Lycurgan fully litigated this entire action up to and through oral argument. Lycurgan prevailed on the merits of its arguments that were well-supported in fact and law. Lycurgan did not violate any statutes, and was cooperative and accommodating towards the Government agents during the raid of its business, and in the aftermath. [Karras Decl. ¶¶ 4, 7.]

Lycurgan's motivation for seeking access to the Affidavit was to determine

whether it contained probable cause to support the search and seizure. [McMillan Decl. ¶ 7.] Lycurgan held a good faith belief that the Government submitted misrepresentations to the reviewing Magistrate regarding the manufacturing process and characteristics of the target items. [*Id*.] Indeed, a review of the Affidavit did reveal misrepresentations and a lack of probable cause that formed the basis for a *Bivens* action that Lycurgan recently filed against the Government. [McMillan Decl. ¶ 15.]

The purpose of generally keeping search warrant documents unsealed is to enable citizens to hold the Government accountable when it conducts an unreasonable search and seizure in violation of the Fourth Amendment. (*In re Search Warrant for Secretarial Area Outside Office of Gunn* (8th Cir. 1988) 855 F.2d 569, 573; *In re Search Warrants Issued 29, 1994* (S.D. Ohio 1995) 889 F.Supp. 296, 301; *In re Up North Plastics, Inc.* (D. Minn. 1996) 940 F.Supp. 229, 232-33.) This purpose, underlying the instant action, coincides with the purpose of section 2412(d)'s mandatory attorney's fee provision to "encourage[] members of the public to assist in the 'valuable public service [of] improving the efficiency of government operations.'" (*United States v. Hallmark Constr. Co.* (7th Cir. 2000) 200 F.3d 1076, 1080, quoting *Gotches v. Heckler* (7th Cir. 1985) 773 F.3d 108, 111.) Lycurgan is entitled to a mandatory award of attorney's fees and expenses as the prevailing party in this action. (§ 2412(d).)

**E. Lycurgan Seeks Attorney's Fees and Costs Necessarily Incurred in this Action at the Statutorily Approved Rate**

Section 2412(d)(2)(A)(ii) establishes a statutory cap on the rate of attorney's fees, but allows for "an increase in the cost of living." EAJA attorney fees are routinely adjusted according to the "cost of living" that is calculated based on the consumer price index during the time the sought fees were incurred. (*Sorenson v. Mink* (9th Cir. 2001) 239 F.3d 1140, 1148 ["District courts have been determining the cost-of-living adjustment by multiplying the basic EAJA rate by the current consumer price index for urban consumers (CPI-U), and then dividing the product by the CPI-U in the month that the cap was imposed (October 1981 for pre-amendment cases, March 1996 for

post-amendment cases).");]; see *22249 Dolorosa St.*, 190 F.3d at 984.)

In addition to the recovery of attorney's fees, "a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." (*Richlin Sec. Co. v. Chertoff* (2008) 553 U.S. 571, 590.) Paralegal fees are reimbursed under the EAJA at the prevailing market rates in the same manner as attorney's fees. (*Id*. ["[P]aralegal fees are recoverable as attorney's fees at their 'prevailing market rates,'" citing 5 U.S.C. § 504(b)(1)(A).].) Although the law allows for recovery up to $189.78[5] for paralegal time, we are seeking only $85 per hour. (*Richlin Sec. Co.*, 553 U.S. at 590.)

Petitioner Lycurgan requests a total award of **$27,552.48** in reasonable attorneys fees and costs incurred in this case, calculated at the rate of $189.78 per hour for attorney time and $85.00 per hour for paralegal time. The fees and expenses are supported in the attached Declaration of Scott A. McMillan, and itemized in the following tables:

### TABLE OF FEES REQUESTED THROUGH THIS MOTION[6]

### Briefing, Oral Argument, and Post-Oral Argument Efforts

| Name of Professional | Hourly Rate | Hours Expended | Value of Services |
|---|---|---|---|
| Scott A. McMillan | $189.78 | 67.75 | $12,857.60 |
| Michelle D. Volk | $189.78 | 2.05 | $389.05 |

---

[5] The figure is calculated by taking the "HALF1" CPI rate for 2014 and subtracting from it the March 1996 rate (236.384 - 155.7 = 80.684) and then dividing that number by the March 1996 rate (80.684 / 155.7 = 0.5182). These calculations result in the cost-of-living percentage increase from March 1996 through June 2014. The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5182 × 125) [*4] + 125 = 189.78). See Department of Labor, Bureau of Labor Statistics, available at http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button) (last visited Aug. 13, 2014). See, *Beard v. Comm'r of Soc. Sec.*, 2014 U.S. Dist. LEXIS 120380, 3-4 (M.D. Fla. Aug. 13, 2014.)

[6] See Declaration of Scott A. McMillan In Support of Petitioner Lycurgan, Inc.'s Attorney's Fees, dated September 22, 2014.

| | | | |
|---|---|---|---|
| Sean E. Smith | $189.78 | 57.50 | $10,912.35 |
| Michaele Kanczel | $85.00 | 2.1 | $178.50 |
| Olga Bresheva | $85.00 | 2.1 | $178.50 |
| | | | |
| Total | | 131.50 | $24,516.00 |

Itemized Breakdown of Requested Fees

| | Scott McMillan | Michelle Volk | Sean Smith | Michaele Kanczel | Olga Bresheva |
|---|---|---|---|---|---|
| Informal Request for Affidavit/observance of the raid | 6.50 Hours $1,233.57 | 0 | 0 | 0 | 0 |
| Research (all) | 13.50 Hours $2,562.03 | 0 | 18.40 Hours $3,491.95 | 0 | 0 |
| Correspondence with client, counsel, and Court | 17.05 Hours $3,235.75 | 0 | 0.50 Hours $94.89 | 0 | 0 |
| Drafting/revising Motion | 7.90 Hours $1,499.26 | 0 | 15.60 Hours $2,960.57 | 0 | 0 |
| Scanning/filing/service/calendaring of Motion | 2.20 Hours $417.52 | 1.75 Hours $332.12 | 2.80 Hours $531.16 | 0.90 Hours $76.50 | 2.10 Hours $178.50 |
| Review/analyze Opposition | 1.60 Hours $303.65 | 0 | 1.30 Hours $246.71 | 0 | 0 |
| Drafting/revising Reply | 8.40 Hours $1,594.15 | 0 | 7.10 Hours $1,347.44 | 0 | 0 |
| Scanning/filing/service of Reply | 0.50 Hours $94.89 | 0 | 0 | 0.20 Hours $17.00 | 0 |
| Preparation for hearing | 1.00 Hours $189.78 | 0 | 0 | 0.50 Hours $42.50 | 0 |

| | | | | | |
|---|---|---|---|---|---|
| Attendance at hearing | 2.50 Hours $474.45 | 0 | 2.50 Hours $474.45 | 0 | 0 |
| Review/analysis of search warrant affidavit | 0.30 Hours $56.93 | 0.15 Hours $28.47 | 0.50 Hours $94.89 | 0.50 Hours $42.50 | 0 |
| Response to Gov's unsealing of redacted affidavit | 2.50 Hours $474.45 | 0 | 5.10 Hours $967.88 | 0 | 0 |
| Fee motion | 3.80 Hours $721.16 | 0.15 Hours $28.47 | 3.70 Hours $702.19 | | |
| Total: | 67.75 Hours $12,857.60 | 2.05 Hours $389.05 | 57.50 Hours $10,912.35 | 2.10 Hours $178.50 | 2.10 Hours $178.50 |

**FEE MOTION - ANTICIPATED EFFORTS AND APPEARANCE**

| Name of Professional | Hourly Rate | Hours Expended | Value of Services |
|---|---|---|---|
| Scott A. McMillan | $189.78 | 16 (anticipated) | $3,036.48 |

## V.   CONCLUSION

For the foregoing reasons, Petitioner Lycurgan, Inc. respectfully requests the Court to award Petitioner $27,552.48 in necessarily incurred attorney's fees and expenses pursuant to 28 U.S.C. section 2412(d)(1)(A).

Respectfully submitted,

DATED:   September 22, 2014   The McMillan Law Firm, A.P.C.


 /s/ Scott A. McMillan

Scott A. McMillan
Attorney for Petitioner,
Lycurgan, Inc.