Scott A. McMillan, SBN 212506
Michelle D. Volk, SBN 217151
Sean E. Smith, SBN 288973
**The McMillan Law Firm, APC**
4670 Nebo Dr., Suite 200
La Mesa, CA 91941-5230
Tel. 619-464-1500 x 14
Fax. 206-600-5095

Attorneys for Petitioner,
Lycurgan, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE SEARCH OF:<br>Ares Armor, 206/208 N. Freeman St., Oceanside; Ares Armor, 416 National City Blvd.; Ares Armor Warehouse, 180 Roymar St. D; and 2420 Industry, Oceanside, CA. | CASE NO. 14-CV-1424 JLS (BGS)<br><br>**DECLARATION OF DIMITRI KARRAS IN SUPPORT OF MOTION FOR ATTORNEY'S FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(d) AND 28 U.S.C. SECTION 2412**<br><br>Judge: Hon. Janis L. Sammartino<br>Courtroom: 4A<br>Hearing Date: October 30, 2014<br>Hearing Time: 1:30 P.M. |
| LYCURGAN, INC. d/b/a ARES ARMOR,<br><br>          Petitioner,<br><br>    vs.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>          Respondent. | |

### DECLARATION OF DIMITRI KARRAS

I, Dimitri Karras, declare under the penalty of perjury:

1. I am the Chief Executive Officer of Lycurgan, Inc., a California corporation d/b/a Ares Armor ("Lycurgan") and if called before this court or any other court I could and would testify competently to the following from my own

personal knowledge, except as to those matters I state on information and belief, and as to those matters I believe them to be true.

2. This declaration is made in support of Petitioner Lycurgan, Inc.'s motion for attorney's fees and expenses arising from Lycurgan's attorneys efforts to determine the bases for the issuance of the search warrant executed against our company on March 156, 2014.

3. Lycurgan is a small retail business with four locations: three in Oceanside, California and one in National City, California. In addition, it operates a website (www.aresarmor.com). At all times Lycurgan has been in existence, its net worth (assets minus liabilities) has never exceeded $7,000,000, and it has never employed more than 500 employees.

5. On March 15, 2014, numerous agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE") swarmed Lycurgan's four leased properties located at: (1) 206/208 N. Freeman St., Oceanside, CA 92054; (2) 416 National City Blvd., Unit B, National City, CA; (3) 180 Roymar St., Suite D, Oceanside, CA 92058; and (4) 2420 Industry, Suite A, Oceanside, CA. The BATFE agents conducted a broad, sweeping search. During its search, the BATFE seized and carried away a large number of polymer unfinished lower receivers, among a multitude of other lawfully owned items that are necessary for the functioning of our business.

6. Lycurgan and its employees have done nothing wrong to deserve this treatment.

7. The BATFE raid of Lycurgan caused substantial and irreparable harm to the business. Our direct losses can be easily calculated as follows: Approximately $300,000 in lost inventory plus a loss of $200,000 in gross sales per month since the raid. The effect of customers who no longer want to purchase due to fear is very hard to calculate. Our growth has been stunted. We are contacted on a regular basis via Facebook, e-mail and telephonically by people who are worried about

1  their privacy and are afraid to spend money with us.  Furthermore, I am informed
2  by my customers that they extremely reluctant to purchase anything from the store
3  due to the ongoing BATFE investigation.

4      8.  At the National City Ares Armor location, the BATFE agents damaged
5  the door frames of the glass doors in order to enter the building.  Rather than
6  simply break the glass, which would be able to be replaced in a much more
7  inexpensive manner the BATFE caused substantial destruction.  Also, the BATFE
8  agents took material that was not on the warrant, or on any inventory. They were
9  observed using the store's property to pack up the documents that they seized.

10     9.  We asked the ATF to provide us a copy of the affidavit it presented to
11  obtain the warrant.  The ATF refused to provide the affidavit.  The ATF took
12  $300,000 worth of inventory, most which Lycurgan had already paid for out of its
13  capital.  Yet, the ATF would not explain why it had the right to come and take our
14  lawfully purchased merchandise and hold it.  The only way that we could learn
15  what ATF claimed its bases were to do so was by obtaining a copy of the warrant.
16  In order to obtain a copy of the warrant, we had to hire lawyers to do that to bring
17  the motion to unseal.

18     10.  Lycurgan has paid the McMillan Law Firm tens of thousands of dollars
19  for legal services arising from the March 15, 2014 raid.  Some of that has been
20  paid towards the anti-forfeiture action brought to recover the unfinished lower
21  receivers, and some has been paid towards the case for the civil complaint for
22  damages, injunctive and declaratory relief.  However, I have reviewed the detail
23  listing of the charges attached to Scott McMillan's declaration as Exhibit F, and
24  am satisfied that all of those itemized charges sought by this motion relate directly
25  to the effort to obtain an unsealed copy of the affidavit.

26     11.  The McMillan Law Firm has charged Lycurgan discounted rates:
27  specifically, the hourly rate for Scott McMillan, according to our fee agreement, is
28  $275 per hour.  The hourly rate for Michelle Volk, according to our fee agreement,

is $215 per hour. The hourly rate for Sean Smith, according to our fee agreement, is $185 per hour.   If Lycurgan stops paying as the charges are incurred, the hourly rate for Scott McMillan, according to our fee agreement, increases to $350 per hour.  The hourly rate for Michelle Volk, according to our fee agreement, is then $265 per hour. The hourly rate for Sean Smith will increase to $225 per hour.

12.  Lycurgan has incurred – and paid – far in excess of the $24,516 past charges as legal fees, that are detailed in our lawyers' declaration, in order to obtain a copy of the affidavit.

13.   As the Court is aware, we are now using the information in the affidavit to challenge the *de-facto* ATF's forfeiture of our unfinished lower receivers, the ATF's procedures for determination of whether an item is a firearm, challenging the ATF's censorship of information on how to manufacture a firearm, suing the individual agents who, from our perspective, acted improperly in obtaining the search warrant.   The affidavit was extremely critical for these proceedings in order for Lycurgan to present its side of the case for the court to make a fair determination.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on September 22, 2014, at the City of Oceanside, County of San Diego, State of California.

Dimitri Karras