Scott A. McMillan, SBN 212506
Michelle D. Volk, SBN 217151
Sean E. Smith, SBN 288973
**THE MCMILLAN LAW FIRM, APC**
4670 Nebo Dr., Suite 200
La Mesa, CA 91941-5230
Tel. 619-464-1500 x 14
Fax. 206-600-5095

Attorneys for Petitioner,
Lycurgan, Inc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of:<br><br>Ares Armor, 206/208 N Freeman St, Oceanside; Ares Armor, 416 National City Blvd; Ares Armor Warehouse, 180 Roymar St D; and 2420 Industry, Oceanside, CA<br><br>LYCURGAN, INC. d/b/a ARES ARMOR,<br>               Petitioner,<br>vs.<br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br>               Respondent. | CASE NO. 14-CV-1424 JLS (BGS)<br><br>**REPLY DECLARATION OF DIMITRIOS A. KARRAS IN SUPPORT OF MOTION FOR ATTORNEYS' FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**<br><br>Judge: Hon. Janis L. Sammartino<br>Dept.: 4A<br>Hearing Date: December 12, 2014<br>Hearing Time: 2:30 P.M. |

## REPLY DECLARATION OF DIMITRIOS A. KARRAS

I, Dimitrios A. Karras, declare as follows:

1. I am the Chief Executive Officer and founder of Lycurgan, Inc., a California corporation d/b/a Ares Armor ("Lyrcurgan"), and if called before this court or any other court I could and would testify competently to the following from my own personal knowledge, except as to those matters I state on information and belief, and as to those matters I believe them to be true.

2. This declaration is made in support of Lycurgan's Reply to the Opposition to the motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

3. As a result of the seizure of the EP 80 blanks, and the resulting loss of the merchandise which could be sold Lycurgan borrowed approximately $300,000 from a commercial lender who require Lycurgan to repay that money back at exorbitant interest rates. I have invested all of my money into Lycurgan and it is a struggle to keep it alive in light of the substantial legal fees and time commitment that participating in this litigation requires. My Mother and I own a house in Anderson, California where she lives. My Mom runs a daycare, which she makes a modest living from. Money is owed against that house that I have used to fund Lycurgan. If I am unable to keep Lycurgan alive, I will be unable to make the payments, and I expect that my Mom's house will be foreclosed upon. My Mom will lose both her home and her livelihood.

4. With respect to the time spent in communication with my attorneys at the McMillan Law Firm, I have taken an active role in their efforts. Specifically, the Government takes issue with the 17 hours I spent communicating with the McMillan Firm lawyers. However, the effort to unseal the warrant required me to educate the company's lawyers. It was necessary to explain the events leading up to the raid, the issues about Lycurgan business and the home-build industry, and the facts related to the necessity to unseal the affidavit in support of the warrant. The search warrant was served on March 15, 2014, Lycurgan filed its motion on June 11, 2014, a difference of 88 days, i.e., nearly three months. Then, the Government opposed that filing with its opposition on July 10, 2014, another 29 days. Then, Lycurgan filed its reply on July 17, 2014. Thus, the briefing took 124 days.

5. With respect to the time spend by Mr. McMillan in attending the "raid," I understand that he specifically requested a copy of the affidavit at the outset. While Lycurgan's fee application did request his fees, the fees for the other three lawyers who were present at Lycurgan's Oceanside locations, i.e., Sandy Meade, Sean Smith, and Bryan Rho – were not requested.

6. Even if granted in full, due to the amount of the per hour charge allowed, the fees sought by Lycurgan's application would be a fraction of the fees incurred in the effort to unseal the affidavit offered in support of the warrant.

I declare under the penalty of perjury according to the laws of the United States, that the foregoing is true and correct and that this declaration was signed on November 5, 2014, in the County of San Diego, California.

Dimitrios A. Karras