Scott A. McMillan, SBN 212506
Michelle D. Volk, SBN 217151
Sean E. Smith, SBN 288973
**The McMillan Law Firm, APC**
4670 Nebo Drive, Suite 200
La Mesa, California 91941-5230
(619) 464-1500 x 14
Fax: (206) 600-5095

Attorneys for Petitioner,
Lycurgan, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE SEARCH OF:<br>Ares Armor, 206/208 N. Freeman St., Oceanside; Ares Armor, 416 National City Blvd.; Ares Armor Warehouse, 180 Roymar St. D; and 2420 Industry, Oceanside, CA.<br><br>LYCURGAN, INC. d/b/a ARES ARMOR,<br>               Petitioner,<br>  vs.<br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br>               Respondent. | CASE NO. 14-CV-1424 JLS (BGS)<br><br>**PETITIONER LYCURGAN, INC.'S APPLICATION FOR LEAVE TO EXTEND PAGE LIMIT FOR ITS REPLY IN SUPPORT OF ITS MOTION FOR NEW TRIAL**<br><br>Judge: Hon. Janis L. Sammartino<br>Courtroom: 4A<br>Hearing Date: December 12, 2014<br>Hearing Time: 2:30 P.M. |

      Petitioner Lycurgan, Inc. respectfully requests leave of court to exceed the 10-page limit on Petitioner's reply memorandum pursuant to Local Civil Rule 7.1(h). "No reply memorandum will exceed ten (10) pages without leave of the judge." (*Id*.) Petitioner's reply memorandum is 11.5 pages. The additional 1.5 pages are necessary for Petitioner to adequately respond to all of the issues raised in Respondent's 25-page opposition

memorandum.

Respondent's opposition memorandum argues that the redacted search warrant affidavit is sufficient because: (1) the redacted affidavit supplied Petitioner with all of the information it sought, (2) this Court "seemed receptive" to the redactions, (3) and the Court concluded the controversy is moot after considering the redactions.

Respondent argues that the redactions of the case agents' names was necessary because: (1) the names of various case agents and judges were listed on various Internet sites that encouraged violence against those individuals, (2) Petitioner targeted ATF agents by sending them pizzas and by displaying a picture of one of the agents in its store, and (3) Dimitri Karras, CEO of Petitioner Lycurgan, Inc., is a "potential threat" because he is currently charged with misdemeanor battery for defending his girlfriend against a 6'2" 240 lb male attacker.

Respondent argues the mootness doctrine is not applicable because (1) a United States Magistrate Judge must grant the Government's request to seal a search warrant affidavit, (2) the justification for the continued sealing of the affidavit was related only to an ongoing investigation in the Eastern District of California, and (3) a ruling would be premature since Respondent "strategically" elected not to file supplemental briefing to support its position.

Respondent argues that Petitioner's motion for new trial is an improper attempt to engage in discovery.

///
///
///
///
///

1 | Respondent touched on many different issues without providing much explanation. Consequently, Petitioner needed to fully address each issue to ensure the Court is not lead astray. Therefore, Petitioner needed the additional pages for its reply memorandum. It should also be noted that Respondent violated Local Civil Rule 7.1(h) for failing to provide a table of contents and a table of authorities for its opposition memorandum in excess of ten pages.

Respectfully submitted,

DATED: November 6, 2014     **THE MCMILLAN LAW FIRM, A.P.C.**

/s/ Scott A. McMillan

Scott A. McMillan
Attorney for Petitioner,
Lycurgan, Inc.