Scott A. McMillan, SBN 212506
Michelle D. Volk, SBN 217151
Sean E. Smith, SBN 288973
**The McMillan Law Firm, APC**
4670 Nebo Drive, Suite 200
La Mesa, California 91941-5230
(619) 464-1500 x 14
Fax: (206) 600-5095

Attorneys for Petitioner,
Lycurgan, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE SEARCH OF: Ares Armor, 206/208 N. Freeman St., Oceanside; Ares Armor, 416 National City Blvd.; Ares Armor Warehouse, 180 Roymar St. D; and 2420 Industry, Oceanside, CA. | CASE NO. 14-CV-1424 JLS (BGS) **PETITIONER LYCURGAN, INC.'S APPLICATION FOR LEAVE TO EXTEND PAGE LIMIT FOR ITS REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES** Judge: Hon. Janis L. Sammartino Courtroom: 4A Hearing Date: December 12, 2014 Hearing Time: 2:30 P.M. |
| LYCURGAN, INC. d/b/a ARES ARMOR, Petitioner, vs. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, Respondent. | |

Petitioner Lycurgan, Inc. respectfully requests leave of court to exceed the 10-page limit on Petitioner's reply memorandum pursuant to Local Civil Rule 7.1(h). "No reply memorandum will exceed ten (10) pages without leave of the judge." (*Id.*) Petitioner's reply memorandum is 12.5 pages. The additional 2.5 pages are necessary for Petitioner to adequately respond to all of the issues raised in Respondent's 25-page opposition

memorandum.

Respondent's opposition memorandum argues that Petitioner was not the "prevailing party" in this action because: (1) the Court did not expressly deem Petitioner the "prevailing party," (2) Petitioner did not prevail on the merits of any of its contentions, and (3) the Court dismissed the case as moot.

Respondent also argues that its position was substantially justified because: (1) it attempted to provide the Court with binding Ninth Circuit case law, (2) Respondent dropped the civil forfeiture proceeding which somehow mooted this case, (3) search warrant affidavit materials are frequently not unsealed until post-indictment discovery, and (4) there was an ongoing criminal investigation in a distant jurisdiction.

Respondent baldly states that Petitioner's fee motion depends on the Court's ruling on Petitioner's motion for new trial.

Lastly, Respondent challenges the reasonableness of the requested fees.

///
///
///
///
///
///
///
///
///
///
///
///

Respondent touched on many different issues without providing much explanation. Consequently, Petitioner needed to fully address each issue to ensure the Court is not lead astray. Also, Petitioner needed to distinguish the multiple cases relied upon by the Government that are inapposite and do not stand for what the Government purports. Therefore, Petitioner needed the additional pages for its reply memorandum. It should also be noted that Respondent violated Local Civil Rule 7.1(h) for failing to provide a table of contents and a table of authorities for its opposition memorandum in excess of ten pages.

Respectfully submitted,

DATED: November 6, 2014 THE MCMILLAN LAW FIRM, A.P.C.

/s/ Scott A. McMillan

Scott A. McMillan
Attorney for Petitioner,
Lycurgan, Inc.