1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10 IN RE THE SEARCH OF: | CASE NO. 14-CV-1424 JLS (BGS) |
| 11 Ares Armor, 206/208 N. Freeman St., Oceanside; Ares Armor, 416 National City Blvd.; Ares Armor Warehouse, 12 180 Roymar St. D; and 2420 Industry, Oceanside, CA. | **ORDER: (1) DENYING AS MOOT PETITIONER'S MOTION FOR ATTORNEYS' FEES PURSUANT TO F.R.C.P. RULE 54(e), and 28 U.S.C. § 2412; and (2) DENYING** |
| 13 | **PETITIONER'S MOTION FOR** |
| 14 _____ | **ATTORNEYS' FEES PURSUANT** |
| 15 LYCURGAN, INC. d/b/a ARES ARMOR, | **TO FEDERAL RULE OF CIVIL PROCEDURE 54(d) AND 28 U.S.C. § 2412** |
| 16                              Petitioner, | (ECF Nos. 21 and 29) |
| 17 vs. | |

18

19

20

21 BUREAU OF ALCOHOL,
   TOBACCO, FIREARMS AND
22 EXPLOSIVES,

23                              Respondent.

24

25

26

27          Presently before the Court is Petitioner Lycurgan, Inc. d/b/a Ares Armor's

28 ("Petitioner") Motion for Attorneys' Fees Pursuant to F.R.C.P. Rule 54(e), and 28

U.S.C. § 2412 (ECF No. 21) and Motion for Attorneys' Fees Pursuant to Federal Rule

1  of Civil Procedure 54(d) and 28 U.S.C. § 2412 ("Motion for Fees") (ECF No. 29.) Also

2  before the Court is Respondent Bureau of Alcohol Tobacco, Firearms and Explosives'

3  ("Respondent") Opposition to (ECF No. 34) and Petitioner's Reply in Support of (ECF

4  No. 39) the Motion for Fees. The hearing set for the motions on December 12, 2014

5  was vacated, and the matter taken under submission on the papers without oral

6  argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 46.) As an initial matter,

7  the Court **DENIES AS MOOT** Petitioner's first Motion for Attorneys' Fees in light

8  of Petitioner's filing of the second, more comprehensive Motion for Fees. Furthermore,

9  having considered the parties' arguments and the law, the Court **DENIES** Petitioner's

10  Motion for Fees.

**BACKGROUND**

12  On March 14, 2014, Respondent secured a search warrant under seal to search

13  four of Petitioner's business locations, and on March 15, 2014, Respondent executed

14  the warrant. (Motion for Fees 6[1], ECF No. 29-1.)

15  On June 11, 2014, Petitioner filed a motion to unseal the search warrant

16  affidavit, which Respondent opposed. (*Id*. at 7.) Both parties briefed the matter and the

17  Court held oral argument on July 31, 2014. (*Id*. at 8.) At the conclusion of the hearing,

18  the Court asked Respondent to submit additional briefing as to why it wanted the

19  warrant to remain sealed. (*Id*.) Instead of submitting additional briefing, on August 14,

20  2014, Respondent turned over a redacted version of the search warrant affidavit after

21  concluding that its continued interest in sealing had subsided. (Resp. in Opp'n 6, ECF

22  No. 34.) Respondent also stated that it believed turning over the affidavit mooted

23  Petitioner's pending motion to unseal the warrant. (Supplemental Briefing 2, ECF No.

24  14.) The Court agreed and on August 21, 2014, the Court denied Petitioner's motion

25  to unseal the search warrant as moot. (ECF No. 16.) The Court also found that the

26  redactions in the affidavit were appropriate to protect the safety and privacy of the ATF

27  agents named in the affidavit. (*Id*.)

28

---

[1] For ease of reference, all page numbers cited to are the CM/ECF numbers at the top of the page.

1    On September 4, 2014, Petitioner filed its initial four page motion for attorneys'
2  fees, which does not seem to be the operative motion for attorneys' fees. (ECF No. 21.)
3  Then, on September 22, 2014, Petitioner filed the instant Motion for Fees which is the
4  focus of this Order. (ECF No. 29.)

5                                    **LEGAL STANDARD**

6    Pursuant to the Equal Access to Justice Act (EAJA), "costs . . ., but not including
7  the fees and expenses of attorneys, may be awarded to the prevailing party in any civil
8  action brought by or against the United States or any agency or any official of the
9  United States acting in his or her official capacity in any court having jurisdiction of
10 such action." 28 U.S.C. § 2412(a)(1). Further, "a court may award reasonable fees and
11 expenses of attorneys, in addition to the costs which may be awarded . . . to the
12 prevailing party in any civil action brought by or against the United States or any
13 agency or any official of the United States acting in his or her official capacity in any
14 court having jurisdiction of such action." 28 U.S.C. § 2412(b)(1). Discretionary awards
15 of fees against the United States are reserved for situations in which the government
16 has acted in bad faith. *See Beaudry Motor Co. v. Abko Properties, Inc.*, 780 F.2d 751
17 (9th Cir. 1986).

18    In addition to the discretionary award of costs and fees, "a court shall award to
19 a prevailing party other than the United States fees and other expenses, in addition to
20 any costs awarded . . . incurred by that party in any civil action (other than cases
21 sounding in tort) , . . . brought by or against the United States in any court having
22 jurisdiction of that action, unless the court finds that the position of the United States
23 was substantially justified or that special circumstances make an award unjust." 28
24 U.S.C. § 2412(d)(1)(A). A party seeking mandatory fees and expenses shall submit an
25 application to the court showing: (1) that the party is a prevailing party; (2) that the
26 party is eligible to receive an award under 28 U.S.C. §2412(d)(1)(A); (3) the amount
27 sought, including an itemized statement showing the actual time spent and at the rate
28 at which fees and expenses were computed; and (4) that the United States' position was

1   not substantially justified. 28 U.S.C. § 2412(d)(1)(B). "Whether or not the position of

2   the United States was substantially justified shall be determined on the basis of the

3   record." *Id*.

4        Once a claim for mandatory attorney's fees is made pursuant to the EAJA, "[i]t

5   is the government's burden to show that its position was substantially justified."

6   *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (quoting *Meier v. Colvin*, 727

7   F.3d 867, 870 (9th Cir. 2013)). "'Substantial justification means justified in substance

8   or in the main—that is, justified to a degree that could satisfy a reasonable person.'"

9   *Id*. (quoting *Meier*, 727 F.3d at 870) (internal quotation marks omitted). Put another

10  way, "'the government's position must have a reasonable basis in both law and fact.'"

11  *Id*. (quoting *Meier*, 727 F.3d at 870) (internal quotation marks omitted).

**ANALYSIS**

13       Petitioner argues that it is the prevailing party in this action, that it is eligible to

14  receive mandatory fees and expenses pursuant to the EAJA, and that the United States'

15  position in this case was not substantially justified.[2] (Motion for Fees 10-12, ECF No.

16  29-1.) Petitioner further argues that there are no special circumstances that make

17  awarding fees unjust. (*Id*. at 15.) Petitioner also provides the Court with an itemized

18  statement showing that actual time spent on the matter and the rate at which fees and

19  expenses were computed. The first and fourth elements—whether Petitioner is the

20  prevailing party and whether the United States' position was substantially

22

23  _____
        [2] In its Reply, Petitioner also argues that it is entitled to a bad faith award pursuant to
    28 U.S.C. § 2412(b), which is the discretionary fees provision of the EAJA. (Reply 13, ECF
    No. 39.) Petitioner contends that Respondent refused to unseal the search warrant affidavit to
24  harass and vex Petitioner. (*Id*.) More specifically, Petitioner argues that Respondent obtained
    a search warrant "to punish [Petitioner] for refusing to turn over its confidential customer list,
25  and for challenging [Respondent] in court," and that Respondent caused unnecessary property
    damage to Petitioner's business during the course of executing the search warrant. (*Id*. at 13-
26  14.) An award of attorneys' fees pursuant to 28 U.S.C. § 2412(b) is punitive and should be
    reserved for exceptional cases. *Beaudry Motor Co. v. Abko Properties, Inc.*, 780 F.2d 751, 756
27  (9th Cir. 1986). The Court does not agree that Respondent argued to keep the warrant affidavit
    sealed to harass Petitioner, as its rationale for keeping the affidavit sealed was reasonable even
28  if it did not satisfy the Court. Further, the alleged destruction does not persuade the Court that
    Petitioner is entitled to a bad faith award. Accordingly, the Court declines to award Petitioner
    attorneys' fees pursuant to 28 U.S.C. § 2412(b).

1  justified—are the most essential the Court's decision on this motion and they will be

2  addressed in turn.

3  **I. Prevailing Party**

4       Petitioner argues that it is the prevailing party in this case. (*Id*. at 10.) The Ninth

5  Circuit has said that "[w]hile the EAJA contains no applicable definition of 'prevailing

6  party,' we consider claimants 'prevailing parties for attorney's fees purposes if they

7  succeed on any significant issue in litigation which achieves some of the benefit the

8  parties sought in bringing suit.'" *United States v. Real Prop. Known as 22249*

9  *Dolorosa Street, Woodland Hills, Cal.*, 190 F.3d 977, 981 (9th Cir. 1999) (quoting

10  *Nat'l Wildlife Fed'n v. Fed. Energy Regulatory Comm'n*, 870 F.2d 542, 544 (9th Cir.

11  1989)). Further, the Supreme Court has held that "a plaintiff 'prevails' when actual

12  relief on the merits of his claim materially alters the legal relationship between the

13  parties by modifying the defendant's behavior in a way that directly benefits the

14  plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992).[3]

15       Petitioner contends that its "one and only goal of this action" was to have the

16  search warrant affidavit unsealed, and it succeeded. (Motion for Fees 10, ECF No. 29-

17  1.) Further, Petitioner argues that it is irrelevant that the Court ultimately denied

18  Petitioner's initial motion as moot because Petitioner achieved its objective before the

19  case became moot. (*Id*. at 11 (citing *Montes v. Thornburgh*, 919 F.2d 531, 538 (9th Cir.

20  1990) (in distinguishing *Montes* from *Rhodes v. Stewart,* 488 U.S. 1 (1988), in which

21  the Supreme Court found mootness precluded labeling a party as the prevailing party,

22  the Ninth Circuit stated "Appellees were in a markedly better position than at the outset

23  of their lawsuit . . . when the lawsuit became moot; and because the litigation was the

24  catalyst that prompted the opposing party to take action, plaintiffs were prevailing

25  parties under EAJA") (internal quotation marks omitted)).) Petitioner further argues

26  that Respondent decided to unseal the affidavit "only after the Court indicated it was

27        [3] In *Farrar*, the Supreme Court specifically considered the definition of "prevailing party" in the context of a 42 U.S.C. § 1988 claim. The Court held that a party that wins
28  nominal damages, but cannot prove actual injury necessary to recover compensatory damages, is a prevailing party, but is not entitled to a fee award. *Farrar v. Hobby*, 506 U.S. 103, 111-17 (1992).

14cv1424

1  inclined to enter a judgment on the merits in favor of [Petitioner] unless the

2  [Respondent] could support its position with supplemental briefing." (*Id.*)

3  Respondent, in contrast, argues that Petitioner was not the prevailing party

4  because no judgment was entered in its favor. (Resp. in Opp'n 15, ECF No. 34.)

5  Respondent explains that in the cases cited by Petitioner, including *Real Prop. Known*

6  *as 22249 Dolorosa Street* and *Nat'l Wildlife Fed'n*, "prior to being declared a

7  'prevailing party' the court determined that a significant issue of litigation was actually

8  won by that party." (*Id*. at 16.) Here, Respondent argues that Petitioner did not succeed

9  on the merits of any of its claims—the Court did not grant Petitioners motion based on

10  any of the four rationales it put forth for needing the unsealed warrant.  (*Id*. at 16-18.)

11  Most significantly, the Court did not grant Petitioner's motion based on the contention

12  that Respondent lacked a compelling governmental interest to keep the affidavit sealed.

13  (*Id*. at 18). Before providing the Court with supplemental briefing on that matter, and

14  before the Court reached its decision, Respondent voluntarily disclosed the affidavit.

15  (*Id*.) Respondent contends that this claim was not ripe for adjudication because it never

16  submitted supplemental briefing and because "'[a] party is not considered a 'prevailing

17  party' on a claim that is not ripe for adjudication" Petitioner is not entitled to attorneys'

18  fees. (*Id*. (quoting *Lake Pilots Ass'n, Inc. v. United States Coast Guard*, 310 F. Supp.

19  2d 333, 345 (D.D.C. 2004)).) Lastly, Respondent argues that this case is more similar

20  to *Rhodes v. Stewart*, 488 U.S. 1 (1988), in which the Supreme Court found that

21  "mootness precluded the designation of a prevailing party" than it is to *Montes*, "where

22  appellees achieved their objective only because of their lawsuit." (*Id*. at 18-19.)

23  The Court agrees with Respondent and finds that Petitioner is not the prevailing

24  party because, generally, a party must succeed, in some way, on the merits of its action

25  to be considered the prevailing party.  *See Real Property Known as 22249 Dolorosa*

26  *Street*, 190 F.3d at 981-82 (considering a party a prevailing party that was successful

27  as to a portion of its property in a civil forfeiture action). Furthermore, in regard to the

28  effect mootness has on Petitioner being deemed the prevailing party, the Court finds

1  that this situation is more similar to the situation in *Rhodes* than to that in *Montes*. In
2  *Rhodes*, plaintiffs, while in custody, brought suit alleging violations of their First and
3  Fourteenth Amendment rights. *Rhodes*, 488 U.S. at 202. One plaintiff died and the
4  other was released from custody prior to Court's judgment; therefore, the Court held
5  that the case was moot prior to judgment and plaintiffs were not entitled to attorneys'
6  fees. *Id*. at 203-04. In *Montes*, appellant stated, prior to appellee's filing their initial
7  action, that he would change his behavior if a lawsuit was brought against him and
8  subsequently did just that. *Montes*, 919 F.2d at 534. Appellee's case became moot
9  because they achieved their objective simply by filing their lawsuit; and the Ninth
10 Circuit held that "because the litigation was the 'catalyst that prompted the opposing
11 party to take action,' plaintiffs were prevailing parties under EAJA." *Id*. at 538
12 (quoting *McQuiston v. Marsh*, 707 F.2d 1082, 1085 (9th Cir. 1983).

13       In this case Respondent did not necessarily disclose the affidavit because it knew
14 the Court would enter judgment against it and require it to turn over the affidavit.
15 Respondent knew that its initial explanation for keeping the affidavit sealed did not
16 satisfy the Court, but did not know whether, after supplemental briefing, the Court
17 would enter judgment for or against Respondent. It cannot be said that Respondent
18 only turned over the affidavit because it believed it would be ordered to do so
19 subsequently; in fact, Respondent explained, in its Response in Opposition (ECF No.
20 34), why it decided to disclose the affidavit instead of submitting supplemental
21 briefing. *Montes* is sufficiently distinct from the instant case to find that the mootness
22 of Petitioner's initial motion at the moment Respondent disclosed the affidavit is more
23 like the situation in *Rhodes*, in which a judgment would not have afforded plaintiffs
24 any relief, thereby barring an award of attorneys' fees.

25       For the reasons stated above, the Court **DENIES** Petitioner's Motion for Fees
26 on the ground that Petitioner is not the prevailing party. However, in the interest of
27 completeness, the Court will also discuss whether Respondent's position was
28 substantially justified.

## II. Substantial Justification

Petitioner contends that Respondent cannot show that its desire to keep the warrant affidavit sealed was substantially justified. (*Id*. at 12.) Petitioner argues that Respondent's position was not reasonable in law because Respondent relied exclusively on First Amendment cases, as opposed to Fourth Amendment cases, to justify the continued sealing of the search warrant affidavit. (*Id*. at 12, 14). Petitioner further argues that Respondent, "at no time in its briefing or during oral argument, presented any legal authority to justify its position that [Petitioner] does not have a Fourth Amendment right to pre-indictment access of the Affidavit." (*Id*. at 14.) Next, Petitioner argues that Respondent's position was not reasonable in fact because a conclusory statement regarding an ongoing criminal investigation is insufficient to support a compelling government interest to keep a search warrant affidavit sealed. (*Id*.) Petitioner assumes that Respondent chose not to submit supplemental briefing to meet the compelling government interest standard because it "probably realized it had no reasonable justification for its position." (*Id*.)

In stark contrast, Respondent argues that its position to keep the affidavit sealed was substantially justified, and that "the test for determining whether [its] position [was] substantially justified is essentially a test of reasonableness." (Resp. in Opp'n 19, ECF No. 34. (citing *Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 967 (D.C. Cir. 2004)).) Further, Respondent contends that it offered First Amendment cases in an attempt to provide the Court with binding Ninth Circuit law on the issue of keeping warrant affidavits sealed, but that they also cited *United States v. Business of Custer Battlefield Museum and Store Located at Interstate 90, Exit 514, South of Billings, Mont.*, 658 F.3d 1188 (9th Cir. 2011), a case that dealt with the appropriateness of keeping a warrant sealed in the Fourth Amendment context.[4] In that case, the Court stated "warrant materials have not historically been accessible to the public during the

---

[4] Petitioner, in its Reply, notes that this case was really about the First Amendment right of access to warrant materials. (Reply 9, ECF No. 39.) In actuality, the court in *Business of Custer Battlefield Museum* declined to decide whether one has a First Amendment right to access warrant materials and, instead, decided the case based on the common law right to access warrant materials. *Business of Custer Battlefield Museum*, 658 F.3d at 1196.

14cv1424

1   early stages of criminal proceedings." (Resp. in Opp'n 20, ECF No. 34 (quoting

2   *Business of Custer Battlefield Museum*, 658 F.3d at 1193).) Respondent argues that its

3   position was reasonable in law based on the general principle that sealed search warrant

4   affidavits are generally unsealed during post-indictment discovery; and that its position

5   was reasonable in fact because the search of Petitioner's businesses was directly related

6   to an ongoing criminal investigation. (*Id*. (citing *Business of Custer Battlefield*

7   *Museum*, 658 F.3d at 1193-94).)

8           Respondent's position was reasonable in law based on the general principle

9   adopted by the Ninth Circuit that affords a right of access to search documents "after

10  an investigation has been terminated." *Business of Custer Battlefield Museum*, 658 F.

11  3d at 1196. Respondent cited, as its main justification for keeping the warrant sealed,

12  a related ongoing criminal investigation. Respondent's decision to ultimately unseal

13  the affidavit prior to the termination of the investigation does not make its initial

14  position unreasonable. Regarding whether Respondent's position was reasonable in

15  fact, even though the Court found Respondent's assertion regarding an ongoing

16  criminal investigation alone insufficient to keep the warrant sealed in this case does not

17  mean that Respondent's position was not substantially justified, as it is certainly

18  reasonable to want to keep a warrant sealed based on the existence of an ongoing

19  criminal investigation. Finding an argument insufficient does not automatically mean

20  such argument is unreasonable. Accordingly, the Court finds that Respondent's

21  position was substantially justified and, therefore, would not award Petitioner

22  mandatory attorneys' fees even if it had found that Petitioner was the prevailing party.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1                                    **CONCLUSION**

2         For the foregoing reasons, the Court **DENIES AS MOOT** Petitioner's initial

3 Motion for Attorneys' Fees (ECF No. 21) and **DENIES** Petitioner's Motion for Fees

4 (ECF No. 29.)

5         **IT IS SO ORDERED.**

6

7 DATED: December 17, 2014

8                                      _Janis L. Sammartino_
                                     Honorable Janis L. Sammartino

9                                      United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28