# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE SEARCH OF:<br><br>Ares Armor, 206/208 N. Freeman St., Oceanside; Ares Armor, 416 National City Blvd.; Ares Armor Warehouse, 180 Roymar St. D; and 2420 Industry, Oceanside, CA.<br>_____<br><br>LYCURGAN, INC. d/b/a ARES ARMOR,<br><br>　　　　　　　　　　Petitioner,<br>vs.<br><br><br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>　　　　　　　　　　Respondent. | CASE NO. 14-CV-1424 JLS (BGS)<br><br>**ORDER DENYING MOTION FOR A NEW TRIAL OR FURTHER ACTION FROM THE COURT ON THE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(a)**<br><br>(ECF No. 23) |

Presently before the Court is Petitioner Lycurgan, Inc. d/b/a Ares Armor's ("Petitioner") Motion for New Trial or Further Action From the Court on the Judgment Pursuant to Federal Rule of Civil Procedure 59(a) ("Motion for Further Action"). (ECF No. 23.) Also before the Court is Respondent Bureau of Alcohol, Tobacco, Firearms

and Explosives' ("Respondent") Opposition to (ECF No. 34) and Petitioner's Reply in Support of (ECF No. 38) the Motion for Further Action. The hearing set for the Motion for Further Action on December 12, 2014 was vacated, and the matter taken under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 46.) Having considered the parties' arguments and the law, the Court **DENIES** Petitioner's Motion for Further Action.

## BACKGROUND

On March 14, 2014, Respondent secured a search warrant under seal to search four of Petitioner's business locations, and on March 15, 2014, Respondent executed the warrant. (Motion for New Trial 7[1], ECF No. 23.)

On June 11, 2014, Petitioner filed a motion to unseal the search warrant affidavit, which Respondent opposed. (*Id*.) Both parties briefed the matter and the Court held oral argument on July 31, 2014. (*Id*.) At the conclusion of the hearing, the Court asked Respondent to submit additional briefing as to why it wanted the warrant to remain sealed. (*Id*.) Instead of submitting additional briefing, on August 14, 2014, Respondent turned over a redacted version of the search warrant affidavit after concluding that its continued interest in sealing had subsided. (Resp. in Opp'n 6, ECF No. 34.) Respondent also stated that it believed turning over the affidavit mooted Petitioner's pending motion to unseal the warrant. (Supplemental Briefing 2, ECF No. 14.) The Court agreed and on August 21, 2014, the Court denied Petitioner's motion to unseal the search warrant as moot. (ECF No. 16.) The Court also found that the redactions in the affidavit were appropriate to protect the safety and privacy of the ATF agents named in the affidavit. (*Id*.)

On September 16, 2014, Petitioner filed the instant Motion for Further Action. (ECF No. 23.) Then, on September 19, 2014, Petitioner appealed the Clerk's Judgment and the Court's Order denying as moot Petitioner's motion to unseal the search warrant

---

[1] For ease of reference, all page numbers cited to are the CM/ECF numbers at the top of the page.

affidavit. (ECF No. 26.) The Ninth Circuit has held Petitioner's appeal in abeyance pending the Court's resolution of the pending motions. (ECF No. 33.)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(a)(2), after a nonjury trial, "the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). A district court "may grant a new trial or amend its judgment after a court-tried action for three reasons: (1) manifest error of law; (2) manifest error of fact; and (3) newly-discovered evidence." *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1174 (N.D. Cal. 2009) (citing *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978)).

## ANALYSIS

Petitioner argues that the Court should grant its Motion for Further Action in light of newly discovered evidence, particularly the redacted search warrant. (Motion for Further Action 8, ECF No. 23.) Petitioner contends that in the time between the Respondent's disclosure of the redacted search warrant affidavit and the Court's dismissal of the case, it was preparing a response to the disclosure in which it planned to argue the sufficiency of the redacted affidavit. (*Id.* at 9.) Petitioner argues that whether disclosure of a redacted version of the affidavit would moot Petitioner's initial motion was never addressed by the Court or either party prior to the Court's ruling. (*Id.*) Petitioner argues that its initial motion was not mooted by the disclosure of the redacted affidavit because the redacted version is insufficient, and because this scenario is capable of repetition, yet evading review. (*Id.* at 10-11.)

**I. Sufficiency of Redacted Search Warrant Affidavit**

Petitioner contends that the redacted version of the affidavit is insufficient because it conceals the names of the ATF agents who interpreted 18 U.S.C. § 921(a)(3)(A) to mean that the lower receivers seized are firearms. (*Id.* at 10.) Petitioner states that it needs the agents' names to "research the agents, challenge their credibility,

determine if the agents were qualified to make the assertions in the affidavit, and determine if the agents previously made contradictory findings." (*Id.* at 10-11.) Petitioner further argues that Respondent did not show that redaction was necessary to protect the safety of the agents, and that "there is no reason to believe such disclosure would compromise the continued investigation." (*Id.* at 11.) Petitioner would like the Court to amend its judgment and order Respondent to disclose an un-redacted version of the search warrant affidavit. (*Id.*)

Respondent, in contrast, argues that the redacted search warrant affidavit is sufficient because it provides Petitioner all of the information it asked for, specifically "the technical assertions by the ATF that led to the classification of the lower receivers as firearms."[2] (Resp. in Opp'n 9, ECF No. 34.) Respondent further contends that this Court already considered the sufficiency of the redacted version; that the research Petitioner seeks to conduct regarding the ATF agents is relevant to Petitioner's other cases, not this case; and that redacting the agents' names "was prudent in light of the extremely unique and case-specific circumstances presented," including the public reaction to the search and the listing of the names of agents, judges, and others involved with this case on websites. (*Id.* at 9-10.) Petitioner, in its Reply, argues that the Court "declared that the redactions were proper without the benefit of knowing or evaluating [Petitioner's] position on the matter;" that it needs the agents' names in this case in order to adequately challenge the probable cause upon which the search warrant was granted; and that redacting the agents' names is not necessary to protect their safety. (Reply, 14-16.)

Petitioner's argument that the Court should grant its Motion for Further Action on the grounds that the redacted search warrant affidavit is insufficient is unpersuasive. The existence of newly discovered evidence merely means that a court *may* amend its judgment. Here, the Court finds that a redacted version of the search warrant is sufficient in this case. The redacted version of the affidavit provides Petitioner the

---

[2] Petitioner acknowledges that this is the information it sought; however, further argues that it needs the ATF agents' names who concluded that the unfinished receivers were firearms in order to "adequately evaluate the probable cause, or lack thereof." (Reply 14, ECF No. 38.)

information it sought at the outset of this case. Furthermore, protecting the agents' identity to ensure their safety and privacy is warranted given the unique circumstances surrounding this case. Accordingly, the Court finds unpersuasive Petitioner's argument that its Motion for Further Action should be granted on the ground that the redacted version of the search warrant affidavit is insufficient.

**II. Capable of Repetition, Yet Evading Review**

Petitioner also asks that the Court amend its judgment and issue a ruling on its initial motion to unseal the search warrant affidavit on the ground that the scenario in which Respondent could obtain a sealed search warrant, execute a search, and disclose the search warrant affidavit prior to a court's final ruling is capable of repetition, yet evading review. (*See id*. at 11-17.) "To qualify for adjudication in federal court, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *In re Di Giorgio*, 134 F.3d 971, 974 (9th Cir. 1998). If an action or claim is no longer a live controversy, the case becomes moot, which is known as the mootness doctrine. *Doe v. Madison School Dist. No. 321*, 177 F.3d 789, 797-98 (9th Cir. 1999) (*en banc*). The exception to the mootness doctrine put forth by Petitioner "applies where '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Davis v. Federal Election Comm'n*, 554 U.S. 724, 735 (2008) (quoting *Federal Election Comm'n v. Wisconsin Right To Life, Inc.*, 551 U.S. 449, 462 (2007)). This "exception applies only in 'extraordinary cases.'" *West Coast Seafood Processors Ass'n v. Natural Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011).

Petitioner argues that challenging the continued sealing of a search warrant affidavit is inherently limited in duration because a search warrant affidavit can only be sealed for a time period that is reasonable and definite. (Motion for Further Action 12, ECF No. 23 (citing *In re Search of Up North Plastics, Inc.*, 940 F. Supp. 229, 233 (D. Minn. 1996); *In re 14416 Coral Gables Way*, 946 F. Supp. 2d 414, 419-20 (D. Md.

2011)).) Petitioner notes that in a Sixth Circuit case, the court held that it had jurisdiction over appellants' motion to unseal the government's search warrant even though the government previously unsealed the motion because the issue was capable of repetition, yet evading review. (*Id.* (citing In *re Search of Fair Fin.* 692 F.3d 424, 428 (6th Cir. 2012)).) In this case, Respondent's motion was sealed for approximately five months, which "is not enough time for judicial review" to determine "whether the target of a search and seizure is entitled to a pre-indictment right to inspect the search warrant affidavit under the Fourth Amendment." (*Id*. at 13.)

Petitioner next argues that there is a reasonable expectation that it will be subject to the same action by Respondent in the future. (*Id.*) Petitioner contends that "[t]he Government is making a habit of trampling [Petitioner's] Constitutional rights under various reasons," and that because Petitioner still operates in businesses, Respondent may pursue the same course of action again. (*Id*. at 14-15.)

Respondent, in contrast, argues that the decision to seal a search warrant is not made by Respondent alone—a warrant can only be sealed after a determination by a magistrate judge—and, therefore, "the concept of unfettered repetition is somewhat mitigated." (Resp. in Opp'n 12, ECF No. 34.) Petitioner responds to this argument by noting that a magistrate judge does not have a role in the continued sealing of a search warrant; the government alone decides whether to continue to seal a search warrant and, accordingly, the government will be able to violate Petitioner's Fourth Amendment rights again in the future. (Reply 11, ECF No. 38.)

Respondent also argues that finding that Petitioner's initial motion to unseal was not moot and ruling on the motion would be premature because the record is incomplete. (Resp. in Opp'n 12, ECF No. 34.) The Court requested additional briefing from Respondent regarding why it wanted the search warrant affidavit to remain sealed, but instead of providing additional information about an ongoing criminal investigation, Respondent chose to provide Petitioner a redacted version of the affidavit. (*Id*. at 13.) Respondent never submitted the additional briefing requested by

the Court. (*Id*. at 13-14.) For that reason, Respondent argues that re-opening this case and ruling on Petitioner's initial motion at this juncture would be premature. (*Id*. at 14.) Petitioner responds to this argument by stating that the record is complete because the motion to unseal was fully briefed by both parties. (Reply 13, ECF No. 38.) Respondent's decision not to submit the supplemental briefing requested by the Court does not render the record incomplete. (*Id*.)

Petitioner's argument that the Court should grant its Motion for Further Action and revisit Petitioner's initial motion to unseal on the ground that this scenario is capable of repetition, yet evading review is also unpersuasive. While the time a search warrant may be sealed is limited such that final adjudication of a challenge to the sealing of a warrant may be impossible, Petitioner has not persuaded the Court that there is a reasonable expectation that it will be subject to the same action by Respondent in the future simply because it continues to operate its businesses. *See Davis v. Federal Election Comm'n*, 554 U.S. at 735. Furthermore, the Court finds persuasive the fact that Respondent is not able to subject Petitioner to this scenario without the approval by a magistrate judge to seal a search warrant in the first place. This is not the sort of extraordinary case to which the "capable of repetition, yet evading review exception" to the mootness doctrine applies. Accordingly, the Court finds unpersuasive Petitioner's argument that its Motion for Further Action should be granted on the ground that this scenario is capable of repetition, yet evading review.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Petitioner's Motion for Further Action.

**IT IS SO ORDERED.**

DATED: December 17, 2014

Honorable Janis L. Sammartino
United States District Judge